## MALONE AND LAKE versus EASTIN AND GAYLE.

The Supreme Court will not review the discretionary power of an inferior Court, in granting or withholding new trials.

Where part of the term of a Court was held by one Judge, and part by another, held, that the latter was not precluded from considering a motion for a new trial, in a cause adjudged by the former.

This was a motion for a *mandamus*.

It appeared, that in this cause a new trial had been granted by a Judge, who had not presided at the first decision. The term was held by two Judges suc-

cessively, one of whom had left the bench for some cause unknown, and it was here assigned as good cause for the *mandamus* to issue, that his successor had considered and granted the new trial.

By Mr. Justice THORNTON:

This motion is submitted upon a record of proceedings had in the Circuit Court of Greene county. The record shews a judgment rendered for the plaintiffs, and at the same time,, an order vacating that judgment, and granting a new trial, upon payment of costs.

The effect of the motion here submitted, if successful, will be to revise, and reverse the order granting this new trial. It has been established as the settled doctrine of this Court, not to review the exercise of the discretionary power of the Judges of the inferior Courts, in granting, or withholding new trials. The peculiar circumstances of this case, have been supposed, by the counsel who makes the motion, sufficient to authorise and demand, a departure from this rule of practice. It seems, that the Judge who presided at the trial, for some cause which doubtless fully warranted the measure, signed the minutes of the proceedings had during a part of the term, and that, during the remainder of it, another Judge held the Court; which last Judge granted the new trial. The argument for this motion, is, that the discretionary power to grant a new trial, can only be properly exercised by the Judge who heard the cause; that the very reason, which it is supposed influenced this Court to decline in such case, a reversing power, viz. that it could not be fully possessed of the true grounds upon which the inferior Court proceeded, should induce us to interfere in this case; in which it is assumed, that the Judge who granted it, must have

been ignorant of those facts, which should enter into a consideration of every motion for a matter of this kind. Now it is not necessary, that a motion for a new trial in this case, was made upon any facts, which could, in any manner, be affected by any thing which transpired during its progress. Suppose the motion were grounded upon a discovery made of testimony, after the former Judge had abdicated, upon a point material to the merits of the controversy ; and upon which, no evidence had been adduced at the former trial. In such a case, and in many others, which might be imagined, the power should be exercised by some one ; and if death, or any other imperious necessity, prevent the Judge who tried the cause, from doing so, I can see no objection to its being done by his successor, who is empowered by law, to act in his stead ? Either he must do it, or there would be a failure of justice ; or a resort must be had to a Court of Chancery. For, at the close of the term, the record is unalterable ; except in a few specified cases of entries, *nunc pro tunc*, from memoranda made during the term. New trials, at law, are not unusually granted by a chancellor, when a proper case is made out, and presented to him. Such a power is warranted, both by principle and precedent. And its exercise in such case, is conclusive, to shew, that there is nothing so incongruous to justice, in the fact that one Judge may hear the cause, and another grant a new trial of it, as seems to be supposed by the counsel who urges this motion. In chancery, to be sure, the matters alleged for the interference in the bill, are allowed to be contradicted by answer, and much delay intervenes before the matter is determined ; whereas, the delay is avoided by the application made to the succeeding Judge ; and in this latter mode, the trial may be had, *de novo*, before the ac-

tion of the chancellor is determined.   But as regards the main ground of objection urged, the principle would equally apply to abrogate such authority in the chancellor ; for he, no more than the Judge who granted the new trial, heard the one which is set aside by his *fiat.*

The ground of the application in this case, is not apparent from the record ; but we are bound to presume it was such, as warranted the interference. But, if it were rashly, or even improvidently allowed, the remedy is not by an application to this Court.

Motion overruled.