# SUPERIOR COURT OF BALTIMORE CITY

Filed January 9, 1893.

LETITIA STAENGLER

VS.

THE CONSOLIDATED GAS COMPANY.

*John F. Preston* for plaintiff.

*William A. Fisher* and *J. Alexander Preston* for defendant.

RITCHIE, J.—

Authority of a succeeding judge to hear a motion for a new trial filed in a case tried before his predecessor.

This is a motion for a new trial filed by the plaintiff in a case tried be-

fore the late Judge Stewart. The grounds of the original motion are that the verdict was against the weight of evidence, against the instructions of the Court, and misconduct of the jury.

The succeeding judge is competent to hear a motion for a new trial filed in a case tried before his predecessor.

Insurance Co. vs. Wilson, 8 Peters 291; Ott vs. McHenry, 2 W. Va. 73; Field vs. Thornton, 1 Ga. 306; R. R. Co. vs. Town of Marseilles, 107 Ill. 313; Edwards vs. James, 13 Texas 52; Watkins vs. Paine, 57 Ga. 50; Malone vs. Eastin, 2 Porter 182.

When the motion, however, involves the consideration of the evidence, it is necessary that it should be brought before the succeeding judge in some authentic manner. In this case it is agreed by counsel that the Court shall take the notes of the stenographer as the evidence given at the trial.

This suit was brought by the plaintiff against the Gas Company for injuries alleged to have been caused by an explosion of gas, and the chief controversy at the trial was over the question of whether the explosion was caused by gas, or by gasoline belonging to the plaintiff.

On this question of fact a large amount of evidence was offered by each side, the issue was fairly submitted to the jury under the prayer of the plaintiff, and there was sufficient evidence to sustain the verdict. In fact, the defendant felt so much confidence in its case on the evidence that it submitted no prayers.

The only instruction given on the merits was the prayer of the plaintiff which instructed the jury that she was entitled to recover if they found that the injuries were caused by an explosion of gas which the defendant had negligently allowed to escape into her cellar, and I cannot see that the verdict was against this instruction.

The alleged misconduct of some of the jury is met by a counter affidavit and is not sustained.

Additional reasons were filed by leave at the hearing to the effect that the succeeding judge cannot act on the evidence as intelligently as the one who presided at the trial, because he has not seen the conduct and manner of the witnesses; that a motion for a new trial is addressed to the discretion alone of the judge before whom the case was tried, and not to the discretion of his successor; that there was error in the rulings and the successor cannot pass on the rulings of his predecessor.

It is true that the succeeding judge does not have the advantage of having observed the appearance and manner of the witnesses under examination, but this could be urged against a new trial just as well as for it and furnishes no ground for granting it. The discretion to which the motion is addressed is that of the judge who hears it. If the successor has authority, as he has, to hear the motion, it is his discretion which is to be exercised.

On the point that the successor cannot pass on the rulings of his predecessor the plaintiff cites State vs. Weiskittle, 61 Md. 48. The question there was very different from the one raised here. In that case the motion was made and the new trial directed on the express ground that by the expiration of the term of the judge who presided at the trial, and without laches on the part of the equitable plaintiff, she had lost her bill of exceptions, while in this case no exceptions whatever were taken at the trial and the motion rests on other grounds. The language relied on by plaintiff, is viz: "In this State it is not admissible for another judge to pass on the correctness of his predecessor's ruling in *such case.*" This language is used in connection with a reference to an English case cited by the Court (Newton vs. Boodle, 54 E. C. L. 795) in which the motion for a new trial was made on the ground that the plaintiff had lost his bill of exceptions by reason of the death of the judge, and in which the judges who heard the motion *reviewed the rulings excepted to,* and, finding them right, refused the motion. I think the purpose of the Court was only to distinguish in this respect between the English and Maryland practice.

I understand the Court of Appeals to mean that, in such a case as the one cited, and the one then before it, that is, where the ground of the motion is the loss of the bill of exceptions, *it is not admissible* in this State for the presiding judge to pass on the rulings of his predecessor, but the

new trial will be granted as of course. The distinction is to be found in the grounds of the motion. Where the motion goes to the rulings of the predecessor, and not to the loss of exceptions, I can see no reason why the successor cannot pass on them. From the authorities cited in this opinion I think that he can do so, and I see nothing in the Weiskittle case to the contrary. But however this may be, if I am at liberty to pass on the rulings of my predecessor, I think they were correct; if I am not, then the plaintiff has submitted no authority which would justify me in granting a new trial simply on the ground that I cannot pass on them, especially in a case like this where all the rulings were accepted by the plaintiff at the trial without objection.

The motion is overruled.