# Moneagle & Co., *et al.* *v* Livingston.

*Suit on Garnishment Bond.*

(Decided Feb. 14, 1907.    43 South. 840.)

1. *New Trial; Motion; Grounds.*—Where motion for new trial is
   predicated upon errors of law occurring during the trial, to be
   considered, the errors complained of should be specifically

[Moneagle & Co. et al. v. Livingston.]

pointed out, and a general assignment that the verdict is contrary to law is insufficient.

2. *Same; Sufficiency of Evidence.*—Where the substance of the evidence is reduced to writing a motion for a new trial based upon the specification that the verdict is contrary to the evidence is sufficient.

3. *Same; Hearing the Motion.*—It is presumed that the evidence adduced on the trial is in the breast of the court hearing the cause and it is not necessary that the evidence should be reintroduced in support of the assignments that the verdict is contrary to the evidence. (Section 434, Code 1896.)

4. *Same; Written Motion.*—A motion for a new trial need not necessarily be in writing.

5. *Appeal; Motion for New Trial; Record.*—It is not necessary that' a motion for a new trial should be incorporated in the bill of exceptions to be reviewed on appeal, if it be otherwise shown in the record.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Gilbert Livingston brought his suit against William Moneagle & Co., and sureties on a garnishment bond for damages for breach of the conditions of said bond. There was judgment in favor of the plaintiff, and from a refusal of the court to grant defendant a new trial, based upon the specifications that the verdict is contrary to the law, and to the evidence in said cause, defendant appeals. Reversed and rendered.

ROBERT E. GORDON, for appellant.—The plea of the general issue casts on plaintiff the burden of proving every material allegation.—*Petty v. Dill*, 53 Ala. 643 When a party has the burden of proving a particular fact the non existence of the fact is assumed if he fails to give evidence of it.—*McWilliams v. Phillips*, 71 Ala. 82; *Teague, et al. v. Bass*, 131 Ala. 428. The only thing the jury could do under the evidence in this case was to award nominal damages only.—*Adams v. Robinson*, 65 Ala. 591. That the appellants had a just claim is conclusively shown by the judgment in the justice court which was introduced in evidence.—*Maddox v. Sibert*, 75 Ala. 320; *Cotton v. Holloway*, 96 Ala. 544. This

judgment could not be impeached by the collateral attack here attempted to be made.—*Whitlow v. Echols*, 78 Ala. 206; *Ex parte Davis*, 95 Ala. 10. The court having instructed the jury affirmatively for defendant and the jury having disobeyed his instructions the court should have set the verdict aside.—*Fleming, et al. v. L. & N. R. R. Co.*, 41 South. 683.

CHARLES L. BROMBERG, for appellee.—The motion was not placed on the motion docket of the court to be acted on.—Rule 2, C. C. P., Code 1896; *Ex parte Highland Ave. & B. Ry. Co.*, 125 Ala. 221. A motion for a new trial is not a record unless enrolled by an order of the court or set out in the bill of exceptions, and a mere recital in the bill of exceptions that the motion was made upon certain grounds is insufficient.—*Ex parte Highland Ave. & B. Ry. Co., supra; Leinkauf, et al. v. Tuscaloosa S. & A. Co.*, 99 Ala. 619; *Wiggins v. Witherington*, 96 Ala. 535; *T. & C. R. R. Co. v. E. A. R. R. Co.*, 81 Ala. 94; *Davis v. Davis*, 66 Ala. 148. The paper filed with the clerk purporting to be a motion for a new trial is improperly in the transcript and cannot be considered for any purpose.—Rule 22 C. C. P., Code 1896; *Craig v. Etheridge*, 133 Ala. 284; *Waring v. Gilbert*, 25 Ala. 295, and authorities supra. There is no error in overruling a motion for new trial where it does not appear in the transcript that any facts were referred to or offered in evidence supporting a motion.—Section 434, Code 1896; Rule 22, C. C. P.; *Tobias v. Triest*, 103 Ala. 670; *Hamilton v. Maxwell*, 133 Ala. 233.

HARALSON, J.—An original suit was instituted before R. J. Jordan, a justice of the peace, for $100 as damages, for the breach of the condition of a garnishment bond payable to the plaintiff, Gilbert D. Livingston, by the defendants, William Moneagle and D. W. Partridge as partners under the name of Moneagle & Co., and L. W. Coleman. The suit in which the garnishment bond was given, was instituted before J. O. Sims, a justice of the peace, by Moneagle & Co., against the plaintiff, Livingston, and a judgment was rendered

against him for $52 and costs, and against the garnishees, Barnes & Co., for $8.25 and costs. There was a judgment in favor of plaintiff against Moneagle & Co., and the individuals composing the firm, for $54 and costs. The case was appealed to the circuit court, where, at a special term of the court in July, 1903, the cause was tried, resulting in a verdict and judgment against the defendants for $100. On the 17th of July, 1906, the defendants filed a motion for a new trial, upon the ground, that the judgment "was rendered contrary to the law and evidence in said cause," which motion was, on the 3d day of August, 1906, overruled. A bill of exceptions was taken in the cause. The court, at the request of the defendants, gave the general affirmative charge in their favor, but the jury rendered a verdict in favor of the plaintiff for $100, and a judgment was rendered accordingly, to which ruling the defendants excepted, which was the only exception reserved.

On the trial of this motion, as we have before stated, and as is stated in the bill of exceptions, the defendants asked, "that the verdict and judgment be set aside upon the ground that the verdict recovered *was contrary to the law and evidence in said cause.*" (Italics ours.) The grounds of the motion, it will be observed, were two: (1) That the verdict was contrary to the law; and (2) that it was contrary to the evidence.

In *Cobb v. Malone*, 92 Ala. 633, 9 South. 738, it was said, that when the ground of the motion is the insufficiency of the evidence to sustain the verdict, the substance of the evidence being reduced to writing, a general assignment is sufficient. "But when the reason is given, that the verdict is contrary to law, or that errors of law occurred during the trial, a general assignment will be disregarded; the respect in which the verdict is contrary to law, or the errors of law complained of, should be specified, so as to direct the court's attention to the alleged erroneous ruling." To the same effect are *Winter v. Judkins*, 106 Ala. 259, 17 South. 627, and *Ard v. Crittenden*, (Ala.) 39 South. 676.

So the ground of the motion that the verdict was contrary to the law cannot be considered. In respect to the

other ground of the motion, that the verdict was contrary to the evidence, we are of the opinion that the evidence does not support the verdict and that the court erred in not setting it aside.

In respect to the insistence that the bill of exceptions fails to show that any evidence was introduced on the hearing of the motion, the statute does not require that the evidence upon which the case was tried shall be reintroduced, the presumption being that it is in the breast of the court.—Code 1896, § 434. Nor is there any merit in the contention that the motion was not in writing, nor shown by the bill of exceptions.

The cause is reversed and a judgment will be here rendered granting a new trial.

Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.