(105 So. 183)

**NIX et al. v. SCHARNAGEL et al.**
(8 Div. 785.)

(Supreme Court of Alabama.   June 30, 1925.)

**Appeal and error ⚫⚫927(7)—Where pleas are omitted from record, it will be presumed that affirmative charge was justified.**

Where pleas are omitted from record, and their nature is not disclosed, appellate court will presume that some of these pleas were

established by proof, and justified affirmative charge for defendant.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action in trover by Thomas E. Nix and another against A. C. Scharnagel and others. Judgment for defendants, and plaintiffs appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

J. L. Orman and Williams & Chenault, all of Russellville, for appellants.

It is not necessary for a party to except to the action of the court in giving or refusing charges. Code 1923, § 6430.

J. Foy Guin, of Russellville, for appellees.

Where the issues raised in the pleadings do not appear in the record, the trial court will not be put in error as to rulings on instructions. Rice v. Sou. Ry., 175 Ala. 69, 56 So. 587; L. & N. R. Co. v. Young, 168 Ala. 551, 53 So. 213.

GARDNER, J. This was an action in trover by appellants against appellees. The general affirmative charge was given in favor of the defendants, and from the judgment following the plaintiffs prosecute this appeal.

The bill of exceptions recites that the defendants filed pleas 1 to 8, upon which plaintiffs took issue. None of these pleas appear in this record, and counsel for appellees take the point that this court will indulge presumption in favor of the ruling of the trial court, and therefore presume that some of these pleas, upon which issue was taken, were established by the proof and justified the giving of the affirmative charge. There is nothing to indicate the nature of these pleas; the only reference thereto being as above noted. We are of the opinion the point is well taken. Numerous cases have applied the rule of presumption in favor of the ruling of the court below; the greater number dealing with the failure of the bill of exceptions to disclose it contains all the evidence, and the action of the trial court under these circumstances in giving the affirmative charge. School Comm'rs v. Godwin, 30 Ala. 242; Lamar v. King, 168 Ala. 285, 53 So. 279; 1 Michie Dig. pp. 451–5.

As to pleadings omitted the rule of presumption was applied in Rice v. Southern Ry., 175 Ala. 69, 56 So. 587; Mascott Coal Co. v. Garrett, 156 Ala. 290, 47 So. 149; Cotten v. Bradley, 38 Ala. 506. In this latter case a plea which was stricken did not appear in the record, and the court indulged the presumption that it was of such a character as justified the action of the trial court.

Pursuant, therefore, to the well-established rule, this court must indulge the presumption that the pleas omitted from the record, and the nature of which is nowhere disclosed, in consideration of the proof set out, justified the action of the lower court in giving the affirmative charge at defendants' request.

The ruling denying the motion for new trial presents the same question in different form, and these rulings constitute the assignments of error argued in brief. It results as our conclusion that reversible error is not made to appear, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.