(127 So. 192)

## ALLISON v. COX et al.
### 6 Div. 460.

Supreme Court of Alabama.

March 27, 1930.

See, also, 218 Ala. 548, 119 So. 675.

Parrish & Spencer, of Birmingham, for appellant.

Lipscomb & Lipscomb, of Bessemer, and Altman & Koenig, of Birmingham, for appellees.

BOULDIN, J.

Action for damages for unlawfully decoying a minor child from the custody of her lawful custodian, or unlawfully detaining such child from the person having her lawful custody.

A verdict for plaintiff was, on motion of defendants, set aside, and a new trial granted.

The appeal is from this judgment.

That the verdict was not supported by the evidence, and was contrary to the weight of the evidence, were among the grounds of the motion for new trial.

The bill of exceptions does not purport to set out all the evidence adduced on the trial of the cause.

In such case the decision of the trial court upon the above-stated grounds for new trial cannot be reviewed.

Where the judgment grants the motion generally, and is not limited to any special ground, appellant must show it was not properly granted upon any ground assigned. This is the logical result of the well-established rule that error is not presumed, but must be made to affirmatively appear.

It follows that in the state of the record before us the decision and judgment granting the new trial are not reviewable. Mobile & Birmingham R. R. Co. v. L. & N. R. R. Co., 172 Ala. 313, 54 So. 1002; Nix v. Scharnagel, 213 Ala. 462, 105 So. 183; Alabama G. S. R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Smith v. Tombigbee & N. Ry. Co., 141 Ala. 332, 37 So. 389.

There is no necessity on the hearing of the motion for new trial to reintroduce the evidence produced on the trial before the jury. It is already before the court, is treated as in the breast of the court. Howell v. Howell, 210 Ala. 429, 98 So. 630; Moneagle & Co. v. Livingston, 150 Ala. 562, 43 So. 840.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.