157 So. 216

**ROBERTS v. BELLEW.**

7 Div. 259.

Supreme Court of Alabama,
Oct. 18, 1934.

---

334

McCord & McCord, of Gadsden, and Hollis Parrish, of Birmingham, for appellant.

Motley & Motley, of Gadsden, for appellee.

FOSTER, Justice.

This is an action for assault and battery alleged to have been committed by appellant on appellee. Judgment was rendered on August 2, 1933, pursuant to the verdict of a jury. On August 11th a motion for a new trial was filed. Judge Steele was the trial judge. Judge Martin also of that circuit made two orders continuing the hearing, and another was made by Judge Merrill of another circuit. No question is raised in respect to the sufficiency and effect of those orders. During this interval Judge Steele died and was succeeded by Judge Disque. On the day to which the hearing was continued, the bill of exceptions recites that the "motion (is) overruled and defendant excepts.—J. H. Disque, Judge." The record proper shows a formal order overruling the motion. Within ninety days the bill of exceptions was presented to Judge Disque, and approved and signed by him within sixty days thereafter. Section 6433, Code.

Appellee moves to strike the bill of exceptions because the provisions of section 6436, Code, were not observed, and also contends that, if it should not be stricken, it only serves to review the ruling on the motion for a new trial, and that such ruling may not be here reviewed because the bill of exceptions does not show that the evidence in the main trial was introduced on the hearing before the new judge.

Prior to the present Code, it may be true that, when the trial judge had died, and was succeeded by another, it was necessary to observe the requirements of section 6436, Code, to review the rulings of the deceased

judge, and that a bill of exceptions signed by his successor was not effective for that purpose. McMillon v. Skelton, 208 Ala. 693, 95 So. 148. But the Code of 1923, § 6433, as revised by the legislative committee, has made a change in that respect, so the presentation of a bill of exceptions within ninety days after an order refusing a motion for a new trial preserves for review the rulings on the main trial. Mitchell v. Birmingham News Co., 223 Ala. 568, 137 So. 422; Birmingham News Co. v. Fitzgerald, 222 Ala. 386, 133 So. 31; Lester v. Gay, 217 Ala. 585, 117 So. 211, 59 A. L. R. 1561; Tucker v. Houston, 216 Ala. 43, 112 So. 360; Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305.

■ The motion for a new trial could properly be heard by Judge Steele's successor. National Pyrites & Copper Co. v. Williams, 206 Ala. 4, 89 So. 291; Malone v. Eastin, 2 Port. 182; 46 C. J. 288, § 249.

So that under those circumstances the bill of exceptions on the motion was properly submitted to Judge Disque. When he signed his approval within sixty days, it was, as we have shown, sufficient to preserve the rulings on the original trial, by the express provisions of section 6433, Code. It then becomes an exception to the proceeding set out in section 6436, Code.

Our opinion is that the motion to strike the bill of exceptions should be, and it is, overruled, and further that, if it is internally sufficient otherwise to do so, "the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial," are thereby preserved.

■ While we have held that, when the same judge tries the cause and hears the motion for a new trial, the evidence on the trial need not be reintroduced on the motion (Allison v. Cox, 220 Ala. 624, 127 So. 192; Howell v. Howell, 210 Ala. 429, 98 So. 630; Moneagle & Co. v. Livingston, 150 Ala. 562, 43 So. 840), we have also held that it is necessary to do so, and that there shall be a clear statement to that effect, when a different judge hears the motion for a new trial (National Pyrites & Copper Co. v. Williams, supra). It does not so appear in this record.

■■ The first two assignments of error relate to the motion for a new trial. In the absence of the introduction on that hearing of the evidence taken on the main trial, the only questions on such assignments in respect to rulings of the trial judge are those which may be reviewed without the proceedings on the main trial necessary to be shown by a bill of exceptions. But, since the bill of exceptions is sufficient, as we have shown, to review the rulings and charges of the court on the original trial, and it sets out all the evidence, those assignments should therefore be considered independently of the motion.

■ Assignment No. 3. The general issue in this action does not present a defense of justification. The evidence of all the witnesses, including the appellant, is that he intentionally struck plaintiff with a rock. That is an assault and battery. If justified, the burden was on defendant to plead and prove that it was so.

■ Assignments Nos. 4, 5, and 6. There was evidence of bad character of plaintiff. Those portions of the oral charge to which exception was noted do not set out all that the court said in that connection. When it is all considered, we think no reversible error was committed.

■ Assignment No. 7. Defendant is not due a verdict because one of the jury may think he is. Moreover, there was no dispute but that defendant did assault plaintiff.

■ Assignment No. 8. The principle of this charge, as well as that numbered 7, was fully and correctly covered in the court's oral charge to the jury.

The assignments do not show reversible error.

Motion to strike bill of exceptions is overruled, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.