171 So. 911

**BARNETT v. H. L. GREEN CO.**

**6 Div. 964.**

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 23, 1937.

Jim Gibson, of Birmingham, for appellant.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This is an action for an assault and battery by an agent of the defendant growing out of the arrest and detention of the plaintiff and violence in connection therewith. The theory of the defense was that its agent, Peteet, apprehended the plaintiff in the act of shoplifting (larceny) when he took charge of and detained her until the arrival of the officers of the law, and that he used no more force or violence in connection therewith than was reasonably

necessary to detain her. It also appears that the plaintiff was subsequently convicted of the offense for which she was arrested. The said Peteet admitted striking the plaintiff and rather roughly handling her, but claims that this was made necessary by the act and conduct of the plaintiff. In fact, the great weight of the evidence shows that the arrest and detention was not unlawful, notwithstanding the plaintiff's denial that she took the "slips," and we would not be disposed to disturb the action of the trial court in refusing the motion for a new trial, but for certain errors in giving requested charges for the defendant. In fact, the plaintiff's counsel practically admitted in open court the justification of the arrest and detention, but claims that unnecessary and improper violence was used in connection therewith.

While Peteet admitted striking the plaintiff, he claims it was necessary to release his finger which the plaintiff had in her mouth, and that other force used by him was necessary to detain her. The plaintiff denied biting the said Peteet as well as other acts of resistance or violence ascribed to her.

There being a conflict in the evidence as to whether or not the plaintiff attacked Peteet, there was error in giving the defendant's requested charge 10. If not otherwise faulty, it assumes that an attack was made on the defendant's agent or servant when there was a sharp conflict in the evidence as to this. Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

Charge 18, given for the defendant, should have been refused. It misplaced the burden of proof. Roberts v. Bellew, 229 Ala. 333, 157 So. 216.

The other charges given for the defendant, and discussed in brief of appellant's counsel, may have been so inaccurate in form as to have justified a refusal, but we do not think that the giving of same was reversible error.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

ANDERSON, Chief Justice.

We still think, and so hold, that charge 10 given for the defendant assumes a fact as to which the evidence was in conflict. In this we are borne out by the record from which we quote from the plaintiff's testimony: "I don't remember biting him. * * * No, sir, I didn't bite him. I didn't do nothing to him."

We are still of the opinion that charge 18, given for the defendant, misplaced the burden of proof. It is well settled that, as a general rule, in actions of this character, when justification or self-defense is involved, the burden is on the defendant to establish the same. It seems that this rule also applies to the negation of excessive force in the justification of the assault. Alabama Great Southern Railroad Co. v. Frazier, 93 Ala. 45, 9 So. 303, 30 Am.St.Rep. 28.

The application for rehearing is denied.

All Justices concur in the denial of the rehearing in that the case was properly reversed.

THOMAS, BOULDIN, FOSTER, and KNIGHT, JJ., concur in the opinion.

GARDNER and BROWN, JJ., concur in the reversal as to charge 10, but do not think the giving of charge 18 was reversible error.

BROWN, Justice (specially concurring).

In view of the fact that plaintiff's counsel admits that the defendant's servant had the right to detain the plaintiff for larceny, it is my opinion that the giving of charge 18 was not error.

Charge 10 assumes that the plaintiff assaulted the defendant's agent, and was therefore invasive of the province of the jury.

GARDNER, J., concurs in the foregoing.