Carpenter, J.
 

 
 *308
 

 Judgment reversed.
 
 
 *309
 
 .This appeal on questions of law is from an order granting defendant’s motion for a new trial. The assignment of error is that such action was an abuse of discretion.
 

 The grounds of the motion were:
 

 1. The verdict of $2,500 for plaintiff was against the. weight of the evidence.
 

 2. The verdict was contrary to law.
 

 3. Error in exclusion and admission of evidence.
 

 4. Other errors occurring at the trial.
 

 The grounds upon which the motion was granted, as stated in the journal entry,' were that the verdict “is not sustained by the evidence and is contrary to law.”
 

 
 *310
 
 At a former trial, a verdict for the defendant was returned on the direction of the court and judgment entered accordingly. On appeal on questions of law, this court, finding that the evidence presented a jury question, reversed the judgment and ordered a new trial. No appeal was taken from that judgment of reversal, and so far as this court is concerned that judgment became the law of the case and was binding upon the trial court.
 

 On neither trial did the defendant offer any evidence, and the plaintiff’s evidence on the last trial was the same or stronger for her in some respects than it was before.
 

 What was the significance of the action of the court in granting the motion on the grounds stated by it?
 

 The former judgment, based upon the directed verdict, was entered because the court found that there was no evidence to support the plaintiff’s cause on one or more essential elements of her claim -of which she had the burden of proof; in other words, that a verdict and judgment for her would have been “contrary to law. ’
 
 ’
 
 This court having reversed that, judgment, it follows that the trial court had no right to grant a new trial on that ground on this record.
 

 How about the other phase of the order — that the verdict “is not sustained by the evidence?” This expression omits the adjective “sufficient,” contained in subdivision 6 of Section 11576, General Code, which qualifies the noun “evidence.” If the term “sufficient evidence” had been used, it'-would have been synonymous with the phrase “weight of the evidence” as used in Section 11577, General Code, and in Section 6, Article IV of the Constitution of Ohio.
 
 Brittain
 
 v.
 
 Industrial Commission,
 
 95 Ohio St., 391, 396, 115 N. E., 110;
 
 Waldron
 
 v.
 
 New York Central Ry. Co.,
 
 106 Ohio St., 371, 377, 140 N. E., 161.
 

 
 *311
 
 The court is of the opinion that if the order were clear in this respect, as based upon the ground that the verdict was “not sustained by
 
 sufficient
 
 evidence” or was manifestly “against, the weight of the evidence,” the order could not be regarded as an abuse of discretion.
 

 That proper application may be made of Section 11577, General Code, in the further proceedings herein, it is important that, the ambiguity be eliminated and, to that end, the order of the court granting the motion for a new trial is reversed and this cause is remanded to the Court of Common Pleas with directions to redetermine that motion in conformity with this opinion.
 

 Judgment reversed.
 

 Stuart and Conn, JJ., concur.