145 So.2d 807.

**J. E. SAYERS**

v.

**CITY OF MOBILE.**

1 Div. 4.

Supreme Court of Alabama.

Oct. 18, 1962.

Tonsmeire & McFadden, Mobile, for appellant.

Wm. R. Lauten and Peter J. Palughi, Mobile, for appellee.

LAWSON, Justice.

This is an appeal from a judgment of the Circuit Court of Mobile County granting a new trial in a condemnation case.

The case came to the Circuit Court on appeal by the condemnee from an order of condemnation entered in the Probate Court of Mobile County. In the Circuit Court the cause came on for trial before Judge Douglas Stanard without a jury. On November 16, 1960, Judge Stanard rendered a judgment wherein the subject lands were ordered condemned and J. E. Sayers, the condemnee, was awarded damages in the sum of $137,150.

Judge Stanard was succeeded in office by Judge Daniel T. McCall, Jr., on November 18, 1960.

The condemnor, the City of Mobile, filed a motion for a new trial on December 9, 1960. On that date the presiding judge of the circuit, Honorable Robert T. Ervin, Jr., ordered that a hearing on the motion for new trial be had before Judge McCall on January 6, 1961.

On the day set for the hearing of the motion for new trial, the City of Mobile filed a motion for continuance on the ground that the "transcript of the record" of the trial before Judge Stanard had not been completed by the court reporter. The motion was granted and the hearing on the motion for new trial was continued until February 3, 1961. Five other motions for continuance of the hearing of the motion for new trial were duly filed by the condemnor, the City of Mobile, and were granted by Judge McCall, the first two of which were also

based on the allegation that the transcript of the proceedings in the trial before Judge Stanard had not been completed.

The hearing on the motion for new trial was finally had before Judge McCall on April 10, 1961, at which time he took the matter under submission. On May 18, 1961, Judge McCall rendered a judgment granting a new trial as requested by the condemnor, the City of Mobile.

It is from that judgment that this appeal was taken by the condemnee, Sayers.

The appellant insists that Judge McCall's judgment granting a new trial is erroneous and must be reversed for the reason that it does not clearly appear from the record in this court that the evidence on the trial before Judge Stanard was reintroduced at the hearing on the motion for new trial before Judge McCall.

The motion for new trial could properly be heard by Judge McCall, Judge Stanard's successor. Malone v. Eastin, 2 Port. 182; National Pyrites & Copper Co. v. Williams, 206 Ala. 4, 89 So. 291; Roberts v. Bellew, 229 Ala. 333, 157 So. 216.

In Malone v. Eastin, supra, a new trial was granted by a judge who had not presided at the trial and who apparently did not have before him those things which transpired at the original trial. Application for mandamus was made to this court. We held that the remedy was not by application to this court even if the new trial had been "rashly or even improvidently allowed." But the opinion of the court was to the effect that it was not made to appear that the new trial had been rashly or improvidently allowed in that the judge who acted on the motion for new trial could have properly granted the motion for new trial on grounds which had no relation to anything which transpired during the progress of the original trial. The ground of the motion for new trial was not apparent from the record filed in this court. The court's opinion was to the effect that at least for some reasons a judge other than the one who presided at the original trial can grant a new trial without having before him the proceedings at the original trial.

In National Pyrites & Copper Co. v. Williams, supra, there was a judgment for the plaintiff, Williams. Application for new trial was made and, following its hearing, Judge Sharpe, who tried the case, died. Judge Wilkinson, who was appointed to succeed Judge Sharpe, heard the motion for new trial and denied it. The defendant below appealed to this court. The record here failed to show that any evidence was introduced on the hearing before Judge Wilkinson. On rehearing this court said in part as follows:

"The court is necessarily a person. When the judge who tried the case is dead, and his successor, or another judge, hears the motion for new trial, the substance of the evidence on the trial should be introduced. On appeal from his decision, under these peculiar circumstances, the bill of exceptions should recite, in substance, the evidence in the case, and affirmatively show that it was introduced to the new judge (the court) on the hearing of the motion for the new trial." (206 Ala. 6, 89 So. 292.)

We affirmed the action of Judge Wilkinson in overruling the application for rehearing. No mention was made in the original opinion or in the opinion on rehearing of the case of Malone v. Eastin, supra.

In Roberts v. Bellew, supra, Bellew recovered a judgment against Roberts, who later filed a motion for a new trial. Pending a hearing on that motion Judge Steele, the trial judge, died. He was succeeded by Judge Disque, who heard the motion for new trial and denied it. Roberts appealed to this court. The record filed here did not show that the evidence on the trial before Judge Steele was introduced on the hearing on the motion for new trial. We affirmed, saying in part:

"While we have held that, when the same judge tries the cause and hears

the motion for a new trial, the evidence on the trial need not be reintroduced on the motion (Allison v. Cox, 220 Ala. 624, 127 So. 192; Howell v. Howell, 210 Ala. 429, 98 So. 630; Moneagle & Co. v. Livingston, 150 Ala. 562, 43 So. 840), we have also held that it is necessary to do so, and that there shall be a clear statement to that effect, when a different judge hears the motion for a new trial (National Pyrites & Copper Co. v. Williams, supra). It does not so appear in this record.

"The first two assignments of error relate to the motion for a new trial. In the absence of the introduction on that hearing of the evidence taken on the main trial, the only questions on such assignments in respect to rulings of the trial judge are those which may be reviewed without the proceedings on the main trial necessary to be shown by a bill of exceptions. * * *" (229 Ala., 335, 157 So. 217.)

The opinion in National Pyrites & Copper Co. v. Williams, supra, is to the effect that a judge other than the one who conducted the main trial cannot properly act on a motion for new trial based on any ground unless the "substance of the evidence on the trial should be introduced" at the hearing on the motion for new trial. In this respect we think that opinion is too restrictive. There may be grounds for a new trial not based on anything that occurred on the main trial and as to those grounds there would be no need for the evidence in the main trial. That possibility is recognized in Malone v. Eastin, supra, and in Roberts v. Bellew, supra, and the holding in those cases to such effect is reaffirmed.

■ But where all of the grounds of the motion for new trial relate to matters which occurred in the original trial, the evidence at that trial must be "introduced" at a hearing on a motion for new trial conducted by a judge other than the one who presided at the original trial. National Pyrites & Copper

Co. v. Williams, supra; Roberts v. Bellew, supra.

In National Pyrites & Copper Co. v. Williams, supra, it was said:

"* * * On appeal from his decision [judge other than trial judge], under these peculiar circumstances, *the bill of exceptions* should recite, in substance, the evidence in the case, and affirmatively show that it was introduced to the new judge (the court) * * *." (Emphasis supplied.)

The opinion in Roberts v. Bellew, supra, did not say where in the record on appeal such statement should appear. The opinion in that case merely observed that no such statement appeared in the record.

However, since the decisions in those cases, bills of exception in the trial of cases at law in the circuit courts of this state have been abolished. Section 1, Act 97, approved February 9, 1956, Acts of Alabama, First Special Session 1956, p. 143; § 827(1), Title 7, 1958 Recompiled Code of Alabama.

Motions for new trials with the rulings thereon are placed in the transcript of the record on appeal. Section 8, Act 886, approved September 12, 1951, Acts of Alabama 1951, p. 1527; § 827(6), Title 7, 1958 Recompiled Code of Alabama.

Therefore, in cases of this kind it is sufficient if there is in the record a clear statement to the effect that the evidence included in the transcript of the evidence as certified to by the court reporter and bound in the record proper, together with such other evidence as may have been certified here by the court reporter because it could not be included in the transcript of evidence, was reintroduced on the hearing of the motion for new trial.

■ The motion for new trial in this case contains thirty-two grounds which deal with these matters: (1) the insufficiency of the evidence to support the judgment; (2) the excessiveness of the judgment; and (3)

rulings on the admission and exclusion of evidence.

Clearly, under our holding in National Pyrites & Copper Co. v. Williams, supra, and Roberts v. Bellew, supra, the evidence before Judge Stanard should have been reintroduced at the hearing on the motion for a new trial before Judge McCall and that such occurred must clearly appear from the record before us.

There is no statement in the record filed here which tends to show that the evidence before Judge Stanard was in fact reintroduced before Judge McCall unless the judgment entry itself can be said to do so. It reads:

"This day in open Court came the parties by their attorneys, and plaintiff's motion filed December 9, 1960, to set aside the judgment of the Court and to grant plaintiff a new trial, having heretofore been argued by counsel *and submitted to the Court, together with all the other papers in this cause,* and after consideration of the same by the Court, said motion being understood by the Court;

"It is ordered and adjudged by the Court that the plaintiff's said motion filed December 9, 1960, to set aside the judgment of the Court and to grant plaintiff a new trial be, and the same is hereby granted." (Emphasis supplied.)

If the judgment entry quoted above can be said to clearly show the reintroduction of the evidence on the hearing of the motion for a new trial, then there has been a sufficient compliance with the rule of the cases last above cited, for in our opinion it matters not where in the record such statement appears, if in fact it does appear.

The appellee insists that the judgment entry is sufficient to show that the evidence before Judge Stanard was reintroduced before Judge McCall in that the "paper" upon which the testimony of the witnesses was transcribed, as well as the original docu-

ments which were introduced at the trial, are "papers" in the cause and the judgment entry recites that submission was had, in part, on "all the other papers in this cause." The judgment entry does not expressly state that "all the other papers in this cause" were introduced or reintroduced, but appellee says that it must be presumed that Judge McCall would not have taken submission on matters which were not presented to him for consideration as evidence. The appellee also points out that Judge McCall was aware of the need for a transcription of the evidence taken before Judge Stanard in that on at least three occasions he granted a continuance of the hearing on the motion for a new trial because such transcription had not been completed. The appellee also points out that Judge McCall took the matter under submission on April 10, 1961, and did not render his judgment until May 18, 1961, during which period of time it is reasonable to assume that he was perusing the transcript of the evidence adduced before Judge Stanard.

This argument is not without some force, but it is not sufficiently persuasive to enable us to hold that the record in this case affirmatively shows (National Pyrites & Copper Co. v. Williams, supra) or contains a clear statement (Roberts v. Bellew, supra) that the evidence before Judge Stanard was reintroduced at the hearing before Judge McCall.

The judgment granting the new trial must be reversed because the record does not contain a clear statement showing the reintroduction of the evidence taken in the main trial. The language of the judgment entry upon which appellee relies is ambiguous.

We think the ends of justice would be met if that ambiguity is eliminated and to that end the judgment granting the new trial is reversed and this cause is remanded with directions to redetermine the motion for new trial and, if granted, to comply with the rules laid down in National Pyrites & Copper Co. v. Williams, supra, and Roberts v. Bellew, supra. Lawrence v. Moore, 91 Ohio App. 123, 107 N.E.2d 551, rev'd on other grounds,

156 Ohio St. 375, 102 N.E.2d 595; Merriam v. Bonded Oil Co., 81 Ohio App. 309, 79 N.E.2d 381.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.