WHEELER, APPELLANT, *v.* DERICKSEN, APPELLEE.

(No. 330—Decided October 22, 1962.)

*Messrs. Rosentreter & Rudes* and *Messrs. Thierry & Morton*, for appellant.

*Messrs. True & Meyer*, for appellee.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court reversing upon appeal therefrom a judgment in the sum of $1,019.83 and costs in favor of the plaintiff-appellant rendered on February 1, 1961, by the Port Clinton Municipal Court and remanding the cause to such Municipal Court for a new trial.

Although formal assignments of error in support of the appeal from the Municipal Court are not included as a part of the record upon this appeal, presumably they were filed and passed upon by the Common Pleas Court incident to its conclusion to reverse the judgment from which the appeal was taken. But we are not apprised as to what errors were assigned, or whether the reversal was upon grounds not assigned.

On April 16, 1962, the Common Pleas Court made and entered upon its journal the following entry:

"The appeal herein is allowed and the judgment of the Municipal Court is hereby reversed and this cause is remanded to the Municipal Court for a new trial. Costs taxed to the plaintiff."

The first paragraph of Section 2505.21, Revised Code, provides as follows:

"Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing. Errors not specifically pointed out in the record and separately argued by brief may be disregarded, but the court may consider and decide errors which are not assigned or specified. Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal. All errors assigned

and briefed shall be passed upon [by] the court. In its decision the reviewing court shall specify such of the assigned errors as it finds are shown by the record and the reasons for its decision. In every case where a judgment or order is reversed and remanded for a new trial or hearing, in its mandate to the court below, the reviewing court shall state the errors found in the record upon which the judgment of reversal is founded.''

The mandatory provisions of Section 2505.21 are different from the provisions of Section 2505.33, Revised Code, providing that *upon request* the court shall state the grounds of reversal. In the instant case no opportunity was afforded the parties to make such request. Upon review of the record presented upon this appeal, it is apparent that the court failed to comply with the mandatory provisions of Section 2505.21.

In the absence of compliance with the provisions of the statute, this court, upon a second review of the judgment entered upon retrial in the Municipal Court, could not make proper application of the provisions of Section 2321.18, Revised Code, forbidding the granting of more than one new trial on the weight of the evidence, unless the judgment of the Common Pleas Court is made clear in this respect. See *Merriam* v. *Bonded Oil Co.*, 81 Ohio App., 309; *State, ex rel. Cleveland Concession Co.*, v. *City of Cleveland*, 89 Ohio App., 408; *Lawrence* v. *Moore*, 91 Ohio App., 123.

The judgment, therefore, must be reversed and the cause remanded to the Common Pleas Court for compliance with the provisions of the statute by specifying in its decision such of the assigned errors as it finds are shown by the record and the reasons for its decision and also to state in its mandate to the Municipal Court the errors found in the record upon which the judgment of reversal was founded.

The judgment is reversed and the cause remanded to the Common Pleas Court for further proceedings in accordance with this opinion.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.