From a decree of the Circuit Court of Bibb County, Judge Thompson presiding, denying Manley Pierson's prayer seeking the reconstruction of a deed as a mortgage, and in the alternative, a decree quieting title to certain property in himself, Mr. Pierson takes this appeal. We affirm.
Appellant seeks review as to sufficiency of the evidence to support the trial Court's judgment in favor of the appellee, Jessie Wood Pierson. Judgment was entered on August 18, 1976. Manley Pierson filed a timely motion for new trial on August 31, 1976. This motion alleged, as its grounds, that the verdict was contrary to the evidence and that new witnesses had been found, who were previously unascertained. This motion was denied on September 24, 1976. Appellant's motion for reconsideration of the motion for new trial was filed on October 13, 1976. An amended motion for new trial, accompanied by the affidavit of a proposed new witness, was filed on November 5, 1976. Judge Russell, before whom these motions were argued, denied them both. Appellant's notice of appeal was filed on November 29, 1976.
As shown below, the record indicates the filing of the notice of appeal was untimely, thereby precluding consideration by this Court of Manley Pierson's contention that the evidence upon which the trial Court based its judgment was insufficient. The only contention with which this Court may deal is the propriety of the trial Court in denying Manley Pierson's motion for reconsideration.
Rule 4 (a)(1) of the Alabama Rules of Appellate Procedure (the sole jurisdictional requirement of these rules) requires the filing of a notice of appeal within 42 days of the entry of judgment or order from which appeal is taken. Subsection (a)(3) of this rule further provides:
 "The filing of a post-trial motion pursuant to Rules 50, 52 and 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. . . ."
Thus, Manley Pierson's motion for new trial (Rule 59), filed August 31, suspended the running of the time for appeal.
Rule 4 (a)(3) states further that: *Page 987 
 ". . . the full time fixed for filing a notice of appeal shall be computed from the date . . . of an order granting or denying such motion."
The order denying Pierson's motion for new trial was entered on September 24, 1976. Thus, unless his motion for reconsideration and amended motion for new trial further suspend the running of the time for appeal (notice of which was filed on November 29), such appeal is untimely (i.e., it was filed more than 42 days from September 24, 1976). Wilger v. Department of Pensions andSecurities, 343 So.2d 529, 531 (Ala.Civ.App. 1977).
The motion for reconsideration and amended motion for new trial did not toll the running of the time for appeal of the judgment or the adverse ruling on the original motion. "A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4 (a) does not again terminate the running of the time for appeal." 9 Moore's Federal Practice, ¶ 204.12 (1), 951.
Furthermore, Pierson's amended motion for new trial was not, in fact, a motion as captioned. It was, instead, a Rule 60 (b) motion for relief from the judgment. It was so treated by the trial Court and a stipulation to this effect was made by movant's counsel. A Rule 60 (b) motion is not one of the enumerated type which will toll the running of the time for filing appeal. Therefore, the appeal taken from the case-in-chief was untimely.
This determination brings us to the only viable issue on appeal: the propriety of the trial Court in denying Manley Pierson's Rule 60 (b) motion. "Although a 60 (b) motion does not suspend the running of the time for appeal, one may prosecute an appeal solely with respect to the trial court's ruling on the 60 (b) motion." Wilger, at 532 (citing, 7 Moore's Federal Practice, ¶ 60.30 [3], 430-31).
The trial Court has wide discretion in its determination of whether to grant relief pursuant to Rule 60 (b), and it will not be reversed on appeal absent abuse of this discretion or the violation of some legal right of the movant. Ag Pro, Inc.v. Sakraida, 512 F.2d 141 (5th Cir. 1975); Morris v. Yancey,272 Ala. 549, 132 So.2d 754 (1961); and 7 Moore's Federal Practice ¶ 60.19, 228-31. Here, we cannot say the trial Court's action falls within the category of conduct deemed arbitrary, thereby warranting reversal as an abuse of discretion.
The affidavit attached to Manley Pierson's Rule 60 (b) motion alleges only that the affiant was in Pierson's hospital room and saw the appellant's wife with a piece of paper. At best, this only goes to contradict testimony of Jessie Wood Pierson.
The trial Court ruled that such evidence could have been obtained with due diligence by counsel for Manley Pierson. The Court stated, and we agree, that the date upon the face of the deed and other circumstances of this case should have placed counsel on notice of the importance of the meeting in Manley Pierson's hospital room. (The deed sought to be voided or reformed was executed by Pierson while he was allegedly legally incapacitated during hospital confinement.)
Moreover, newly acquired evidence is not sufficient to require the granting of a 60 (b) motion when it merely goes to contradict or impeach evidence presented at trial. Ag Pro, Inc.v. Sakraida, supra; Curtis Publishing Co. v. Butts,351 F.2d 702 (5th Cir. 1965). Particularly is this true where, as here, counsel for the movant had, and exercised, full benefit of cross-examination of the party sought to be impeached. Kolstadv. United States, 262 F.2d 839 (9th Cir. 1959).
Perhaps a more difficult question arises where the judge who heard the case is not the same judge who rules upon the 60 (b) motion. In such situations, the burden is upon the movant to apprise the Court of the testimony heard at trial and the necessity of the alleged newly acquired evidence. Roberts v.Bellew, 229 Ala. 333, 157 So. 216 (1934). This burden has not been carried in this case. *Page 988 
To deem this circumstance as one which must necessarily require granting of a Rule 60 (b) motion would constitute a grave injustice upon the party victorious at the initial trial. Such holding would require countless repetitious trials each time a judge became ill, resigned, or died while in office. Clearly, this is not what the law or the Rules of Civil Procedure contemplate. James A. Head Company, Inc. v.Rolling, 265 Ala. 328, 90 So.2d 828 (1956); and Roberts, supra.
It follows that the trial Court did not abuse its discretion and the judgment below denying the 60 (b) motion is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.