This is a legal malpractice case. John Buchanan sued his former attorney, George Young, for failure to file a timely notice of appeal in a civil action in which Buchanan was represented by Young. The trial court granted summary judgment for Young.
The prior action involved a suit by Terry Cain against Buchanan, AAA Auto Sales, Inc., and Mortgage Insurance Corporation ("MIC"). Cain had bought from AAA Auto Sales, of which Buchanan is apparently the principal owner, a Chevrolet Corvette automobile that later proved to be a stolen vehicle. The Corvette had vehicle identification number (VIN) plates, license plates, and a certificate of title that had been removed from a similar car that MIC had sold for salvage after declaring it a total loss. In response to Cain's suit, Buchanan and AAA Auto Sales filed a third-party claim[1]
against MIC and others, alleging a violation of Ala. Code 1975, § 32-8-87. That statute requires insurance companies to remove VIN plates and license plates from cars declared total losses and to forward them, along with the certificate of title, to the Department of Motor Vehicles.
The jury held Buchanan and AAA Auto Sales liable to Cain for breach of warranty of title and for fraud; held MIC liable to Cain for breach of duty under § 32-8-87, awarding $300,000 punitive damages; and held MIC liable to Buchanan and AAA Auto Sales for $300,000. On May 13, 1983, the trial court entered judgment against MIC for compensatory damages only, deleting *Page 264 
the $300,000 awards. Cain, Buchanan, and AAA Auto Sales filed motions requesting that judgment be entered on the verdict; MIC filed a motion to set aside the verdict or for judgment notwithstanding the verdict (JNOV). On September 30, 1983, the trial court entered a detailed order, in pertinent part granting MIC's motion for JNOV with respect to Buchanan and AAA Auto Sales, holding:
 "Since Buchanan and AAA Auto Sales have been found by the jury to have participated in the fraudulent sale of the stolen 1980 Corvette, they are barred by their own conduct from asserting any claim for indemnity against MIC."
Before the time for appeal from the September 30 order had run, MIC filed a "motion to reconsider opinion and order entered on September 30, 1983," arguing that the trial court had, in denying its motion for JNOV with respect to the award in favor of Cain, improperly considered evidence that had erroneously been admitted on rebuttal. On January 20, 1984, the trial court issued an order denying MIC's motion for reconsideration. Young, as attorney for Buchanan and AAA Auto Sales, filed notice of appeal to this Court on February 7, 1984. Cain and MIC also filed notices of appeal. This Court dismissed the appeals, holding that the notices of appeal were not timely filed.
The basis of Buchanan's malpractice suit is Young's failure to file a timely notice of appeal. The failure to file a notice of appeal within the time provided in Rule 4, A.R.A.P., is a jurisdictional defect and will result in a dismissal of the appeal. Hayden v. Harris,437 So.2d 1283 (Ala. 1983); Spina v. Causey, 403 So.2d 199
(Ala. 1981); Meeks v. State Farm Mutual Automobile Ins.Co., 286 Ala. 513, 243 So.2d 27 (1970).
Rule 4(a)(3), A.R.A.P., provides in pertinent part:
 "The filing of a post-judgment motion pursuant to Rules 50, 52, 55, or 59 of the Alabama Rules of Civil Procedure . . . shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion."
The motions filed in response to the May 13 judgment were either Rule 50, A.R. Civ.P., motions for JNOV or Rule 59, A.R. Civ.P., motions for new trial or for amendment of judgment. They therefore tolled the time for filing notice of appeal. A proper order extending the time for ruling on these motions was entered, Rule 59.1, A.R.Civ.P., and they were granted in part and denied in part by the order of September 30.
The basis on which the first appeal was dismissed was the principle that a motion to reconsider an order disposing of a post-trial motion will not suspend the time for filing a notice of appeal. This Court so held in Pierson v.Pierson, 347 So.2d 985 (Ala. 1977).
Rule 50(c)(2), A.R.Civ.P., allows a party against whom a motion for JNOV is granted to file a motion for new trial within 30 days of the entry of JNOV. Because the September 30 order granted JNOV against Buchanan and AAA Auto Sales, however, Rule 50(c)(2) only provides authority under which only those two parties could have filed a motion for new trial; it does not provide authority for MIC's motion seeking a reconsideration of the September 30 order and judgment.
Nevertheless, it is arguable that the parties could reasonably have construed the September 30 order as a new judgment that would support Rule 59(e) motions for amendment of the September 30 judgment. In its September 30 order, the court gave reasons for denying MIC's motion for JNOV with respect to Cain. In its motion for reconsideration, MIC attacked those reasons and renewed its request for JNOV. The parties and the court[2] all viewed this motion as providing continued jurisdiction *Page 265 
in the trial court and further tolling the time for filing notices of appeal. Indeed, the court issued an order on January 20, 1984, rejecting MIC's arguments as to why the reasoning of the September 30 order would not support the denial of JNOV with respect to Cain.
The other light in which the motion for reconsideration can be viewed, however, is that it simply renewed MIC's earlier motion for JNOV on Cain's claim, and so came within the rule of Pierson that such a motion will not toll the time for appeal. These facts presented a close question that this Court resolved by holding that the motion for reconsideration did not toll the time for filing notices of appeal. The decision in Pierson did not make the question a settled principle of law, because that decision gave no indication that the trial court had modified the judgment in denying the first post-trial motion.
Thus, at the time of the September 30 judgment, there was an absence of authority as to whether a modified judgment will support renewed motions by any party other than one against whom a JNOV is granted. Indeed, the question is still to some degree open. The effect of the dismissal of the prior appeals is only to establish that, in this case, the fact that the court gave reasons for denying MIC's motion for JNOV against Cain that were arguably subject to further attack did not mean that such a further attack would toll the time for appealing from the September 30 judgment. In sum, the court did not modify the judgment in favor of Cain in denying JNOV, and so MIC's second attack on that judgment did not toll the time for appeal.
A lawyer owes his client a duty "to exercise an ordinary and reasonable level of skill, knowledge, care, attention and prudence common to members of the legal profession in the community." Mylar v. Wilkinson, 435 So.2d 1237, 1239
(Ala. 1983). "An attorney 'is not answerable for error in judgment upon points of new occurrence, or of nice or doubtful construction.' " Herston v. Whitesell,348 So.2d 1054, 1057 (Ala. 1977), quoting Goodman v.Walker, 30 Ala. 482, 496 (1857). The question of whether a notice of appeal was due within 42 days of the September 30 judgment, in spite of MIC's motion for reconsideration, was one of "doubtful construction," and so Young cannot be held liable for malpractice for failure to file a notice of appeal within that time period. Therefore, the trial court did not err in granting summary judgment for Young.
The record also supports the summary judgment on the fraud claim. The allegation of fraud in the complaint is: "Defendant's statements and assurances Plaintiff that he would actively and diligently pursue his claims were false." There is no genuine question as to the material fact of an intent on Young's part not to file a timely notice of appeal. The alleged fraud can only be promissory fraud; therefore, an intent not to perform the promised future actions ("actively and diligently pursue his claims") was a necessary element of the fraud claim. Selby v. Quartrol Corp.,514 So.2d 1294 (Ala. 1987); American Pioneer Life Ins. Co. v.Sherrard, 477 So.2d 287 (Ala. 1985); Old SouthernLife Ins. Co. v. Woodall, 295 Ala. 235, 326 So.2d 726
(1976); appeal after remand, 348 So.2d 1377 (Ala. 1977). Therefore, because the materials presented on the summary judgment motion showed that there was no genuine question at least as to this material fact, Young was entitled to judgment as a matter of law on the fraud claim. Rule 56(c), A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, HOUSTON and STEAGALL, JJ., concur.
[1] Presumably Cain's claim against MIC was later added by amendment.
[2] Judge Marvin Cherner, who heard the Cain action, executed an affidavit stating: "At the time the motion for reconsideration was filed, it was my opinion that this was a Rule 59 motion which tolled the running of the time for appeal." *Page 266