664 So.2d 900 (1995)
GREYSTONE CLOSE, et al.
v.
FIDELITY & GUARANTY INSURANCE COMPANY.
FIDELITY & GUARANTY INSURANCE COMPANY
v.
GREYSTONE CLOSE, et al.
1940544, 1940584.
Supreme Court of Alabama.
July 14, 1995.
*901 William C. Wood, Birmingham, for appellants/cross appellees.
L. Graves Stiff III and Joe L. Leak of Starnes & Atchison, Birmingham, for appellee/cross appellant.
BUTTS, Justice.
Several defendants appealed from a summary judgment entered by the trial court in favor of Fidelity & Guaranty Insurance Company (hereinafter referred to as "F & GIC") on a breach of contract action. We dismiss the appeal because it was not timely filed, and we dismiss the cross appeal because the relief it sought has been granted.
A complete rendition of the procedural history of this case would be voluminous, and it is not necessary to an understanding of our holding. However, some discussion of the background of the case is required. F & GIC, as surety, issued a subcontractor performance bond to Hampton-Taylor, Inc., as principal, in favor of Wald Construction, Inc., as obligee. Wald Construction was the contractor on a residential subdivision project, and Hampton-Taylor was a subcontractor to Wald Construction. The subdivision, a joint venture named Greystone Close, was owned and developed by Norville Randolph at Greystone, Ltd., and Norville Randolph, Inc. (hereinafter collective referred to as "the Greystone defendants"). Apparently, the project has not been completed and both Wald Construction and Hampton-Taylor are now out of business and are without substantial assets.
On February 25, 1992, F & GIC filed a declaratory judgment action against the Greystone defendants and others. Among other things, F & GIC sought a judicial declaration as to its liability on the performance bond it had issued to Hampton-Taylor. The Greystone defendants counterclaimed, alleging a breach of contract by F & GIC. They alleged that they were intended third-party beneficiaries of Hampton-Taylor's performance bond and that F & GIC owed its benefits to them. The Greystone defendants also filed claims against Wald Construction and Hampton-Taylor. F & GIC moved the trial court for a summary judgment on the counterclaim against it; the court granted that motion. The Greystone defendants then moved to have the judgment on that claim made final, pursuant to Rule 54(b), Ala.R.Civ.P.; the court granted that motion on November 23, 1994. The circuit clerk mailed the Greystone defendants a copy of the trial court's order making the summary judgment final, and they received it on November 30, 1994.
The Greystone defendants did not appeal within 42 days from the trial court's November 23 order making the summary judgment final. On January 11, 1995, the Greystone defendants filed a "Motion for Extension Pursuant to Rule 77," asking the trial court to allow it additional time to file a notice of appeal. The motion stated that the appeal had not been timely filed because the intervening holidays had caused someone to miscalculate the final day for filing a notice of appeal. The trial court granted the motion, *902 entering an order explaining its reasoning in granting the time extension:
"The intention to appeal from the Summary Judgment Order was known to other parties through the Rule 54(b) Motion so that other parties are not prejudiced by an extension of time to file a Notice of Appeal. The Motion for an Extension pursuant to Rule 77, with an attached Notice of Appeal, [was filed within the period mistakenly calculated as the 42-day period for appeal.]
"The failure to file [a] Notice of Appeal within 42 days from the date of the Order making the Summary Judgment final under the provisions of Rule 54(b) constitutes excusable neglect under the circumstances here related. The Motion to Extend Time for Appeal is hereby Granted. The time for appeal is hereby extended an additional 30 days. The Motion to Strike or Alternatively to Deny the Motion to Extend is OVERRULED."
(Emphasis added.) The Greystone defendants filed their notice of appeal on January 13, 1995. F & GIC cross appealed, contending only that the trial court had erred in granting the Greystone defendants additional time to file a notice of appeal.
Was it within the trial court's power under Rule 77, Ala.R.Civ.P., to grant the Greystone defendants an extension of time for filing a notice of appeal, where they had actual notice of the date of the final judgment within 7 days after that judgment and their only excuse for not filing a timely appeal is that they miscalculated the date of the 42d day?
Rule 4(a)(1), Ala.R.App.P., states, in relevant part:
"Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure."
Clearly, Rule 4 requires that a notice of appeal from a final judgment be filed within 42 days of the date of the entry of the judgment, unless the narrow exception allowed by Rule 77(d), Ala.R.Civ.P., is applicable. That rule states:
"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by his attorney or not otherwise notified, when such an order or judgment was rendered, and make a note on the docket of the mailing.... Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions."
In this case, the Greystone defendants' claim of "excusable neglect" is not based on a failure to learn of the entry of the final judgment against them; they learned on November 30, 1994, of the trial court's November 23, 1994, order making the summary judgment final. As of that date, the Greystone defendants had ample time to file a timely appeal, but did not. The intent of Rule 77(d), Ala.R.Civ.P., was to allow an out-of-time appeal where fault for the untimely appeal does not lie with the party seeking to appeal. Accordingly, a litigant's miscalculation of the last day for filing a notice of appeal, no matter how innocent or understandable, is not the kind of neglect excused under Rule 77(d), and the trial court was without the power to grant the Greystone defendants an extension of time to file their notice of appeal.
"An appeal is not a vested right, but exists by the grace of statute or a supreme court rule and must be perfected pursuant to the time and manner prescribed therein." Ex parte Thrailkill, 543 So.2d 1201, 1202 (Ala. Civ.App.1989). The time limit prescribed for taking an appeal is jurisdictional. Lewis v. *903 State, 463 So.2d 154 (Ala.1985); Hayden v. Harris, 437 So.2d 1283 (Ala.1983); Snowden v. United Steelworkers of America, 435 So.2d 62 (Ala.1983), overruled on other grounds, Corretti v. Pete Wilson Roofing Co., 507 So.2d 408 (Ala.1986); Spina v. Causey, 403 So.2d 199 (Ala.1981). Because the Greystone defendants' notice of appeal was untimely, this Court is without jurisdiction to review the trial court's judgment in favor of F & GIC.
1940544APPEAL DISMISSED.
1940584APPEAL DISMISSED AS MOOT.
ALMON, INGRAM, and COOK, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
To me, the word "moot" means, "[a] subject for argument; unsettled; undecided ... not settled by judicial decisions." Black's Law Dictionary 1008 (6th ed. 1990). Therefore, we do not decide whether the owner of a private construction project had standing to sue the surety on the bond issued on behalf of a subcontractor, as principal, in favor of the general contractor, as obligee, because we dismiss the cross appeal in which this issue is raised, as being "moot." I write specially because it is apparent that four Justices on this Court do not interpret the word "moot" as I do. See Williams v. Lide, 628 So.2d 531 (Ala.1993), where only the cross appeal raised the issue whether it was legal to count absentee ballots that were not witnessed by a notary public or two witnesses, and this Court, in an opinion in which I joined, dismissed the cross appeal as moot. I thought that that issue was "unsettled; undecided ... not settled by judicial decisions"; however, that was not the interpretation given Williams v. Lide by four Justices of this Court in Roe v. Mobile County Appointment Board, [Ms. 1940461, March 14, 1995] ___ So.2d ___ (Ala.1995).