Eleanor R. Schiffman appeals from a summary judgment entered in favor of the City of Irondale (hereinafter "the City") in an action seeking damages for trespass, inverse condemnation, and interference with the use and enjoyment of Schiffman's property, as well as injunctive and declaratory relief.
 I.
Schiffman owns property in Jefferson County that completely encircles one acre of land owned by the City. The City also owns a 15-foot easement from an existing roadway and a 10-foot water utility easement that run across Schiffman's land. The City has maintained a water storage tank on its land for over 20 years.
In 1994, the City decided to replace the existing water storage tank with a new tank. The City hired R.E. Romei, doing business as Structural Technics, as the City's project engineer to provide consulting services in connection with construction of the new water storage tank. Pitt-Des Moines, Inc., acted as the general contractor of the project; it hired several subcontractors for the project, including HyCon, Inc. HyCon hired Corley Welding and Fabrication Company to dismantle and remove the old tank from the property.
On April 22, 1994, Schiffman sued the City; David Krider, individually and in his capacity as the mayor of the City; Romei; Pitt-Des Moines; and certain fictitiously named defendants, seeking a temporary restraining order,[1] injunctive and declaratory relief, compensatory damages, and punitive damages. Schiffman alleged that the defendants had trespassed on her property during the course of dismantling and removing the old tank and constructing the new tank; that the City had commenced construction of the new tank in violation of the City's zoning ordinance; that the defendants' actions constituted a nuisance or an interference with Schiffman's use and enjoyment of her property; and that the defendants' actions amounted to an inverse condemnation. On May 6, 1994, Schiffman amended her complaint, to substitute HyCon for a fictitiously named defendant.
On July 1, 1994, the trial court entered a summary judgment in favor of Romei, Mayor Krider, Pitt-Des Moines, and HyCon. However, the trial court allowed Schiffman 63 days to "come forward with evidence to keep these defendants in the case" before the judgment would be made final. On September 30, 1994, the trial court, having found that Schiffman failed to comply with the July 1, 1994, order, made the summary judgment in favor of Romei, Mayor Krider, Pitt-Des Moines, and HyCon final, pursuant to Rule 54(b), Ala.R.Civ.P.
Additionally, on September 30, 1994, the trial court ordered a hearing on the City's motion for a summary judgment, to be held November 4, 1994. In support of its summary judgment motion, the City submitted the affidavit of Mayor Krider. Schiffman filed nothing in opposition to the City's summary judgment motion, but filed a motion to have the hearing continued. However, Schiffman filed no affidavit in support of her motion, as is required by Rule 56(f), Ala.R.Civ.P.
On November 4, 1994, the trial court entered the following order:
 "Defendant, in open court by separate paper, opposes plaintiff's motion to continue. Motion by plaintiff to continue hearing is OVERRULED and DENIED. Summary judgment in favor of the defendant City of Irondale is considered and GRANTED. Plaintiff allowed twenty-eight (28) days from date of this order to come up with just anything to help her case. Failing to do so, case will be terminated in its entirety." *Page 138 
On December 14, 1994, Schiffman filed a "Motion to Vacate or Relief from Order and for Leave to Amend." Again, Schiffman filed no affidavits or other evidentiary material in support of her motion. On January 13, 1995, the trial court denied Schiffman's motion. Schiffman filed her notice of appeal on February 13, 1995.
 II.
The time for filing a notice of appeal is jurisdictional.Buchanan v. Young, 534 So.2d 263 (Ala. 1988). Rule 4, Ala.R.App.P., states that a notice of appeal must be filed within 42 days of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Ala.R.Civ.P. The running of the 42-day period can be tolled only by the timely filing of a post-judgment motion pursuant to Rule 50, 52, 55, or 59, Ala.R.Civ.P. Further, Rule 59, Ala.R.Civ.P., provides that, to be timely and, thereby, to toll the appeal time, a motion to vacate a judgment must be filed within 30 days of the date of the entry of the judgment.
The trial court granted the City's motion for a summary judgment on November 4, 1994. It is undisputed that no other defendants remained in the case on the date that summary judgment was entered; therefore, the summary judgment was final on that date. See Morton v. Chrysler Motors Corp.,353 So.2d 505 (Ala. 1977). Schiffman filed her "Motion to Vacate or Relief from Order and for Leave to Amend" on December 14, 1994, which was more than 30 days after the summary judgment had been entered. Because this motion was not filed within 30 days, pursuant to Rule 59, Ala.R.Civ.P., it did not suspend the running of the time for appeal. The fact that the judge's order purported to grant Schiffman an additional 28 days has no effect. Further, because Schiffman failed to file her notice of appeal within 42 days after the entry of the final judgment, this Court lacks jurisdiction to consider any issues relating to the summary judgment.
Schiffman's appeal is due to be dismissed pursuant to Rule 2(a)(1), Ala.R.App.P.
APPEAL DISMISSED.
ALMON, HOUSTON, KENNEDY, and INGRAM, JJ., concur.
MADDOX and COOK, JJ., dissent.
[1] Schiffman's petition for a temporary restraining order was resolved by a settlement agreement on May 11, 1994, and is not involved in this appeal.