The defendant Riley Byrd appeals from a judgment entered on a jury's verdict for the plaintiff Edward Petelinski. For the following reasons, the appeal is dismissed.
Petelinski sued Byrd on January 24, 1997, seeking compensatory and punitive damages based on several legal theories. A jury, on April 15, 1998, awarded Petelinski $31,500 in compensatory damages and $65,000 in punitive damages. On the same date, immediately following the trial, the court entered a judgment on that verdict. After the jury had been excused, the following discussion took place between the court and one of the attorneys:
 "The Court: The Court will enter [a] judgment in accordance with the jury's verdict. Because the jury has returned a punitive-damages verdict, this Court understands that it is the Court's obligation *Page 401 
under existing caselaw to conduct what is commonly referred to as a Hammond, Green Oil, sometimes BMW hearing [this reference is to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986); Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989); and BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997)], and I will do that. There can be posttrial discovery pending that proceeding and I anticipate scheduling that hearing in June.
 "[Byrd's attorney]: And, Judge, we will certainly exercise all the posttrial discovery.
"The Court: Sure.
 "[Byrd's attorney]: And we will be filing motions for new trial, etc.
 "The Court: And you do need to go on and file those because it's not really clear even though the ruling[s] say the Court is obligated to conduct such a hearing whether that stays any time period."
On May 14, 1998, within 30 days of the entry of the judgment, Byrd filed a motion for a judgment as a matter of law, pursuant to Rule 50(b), Ala.R.Civ.P. He also filed, that same day, a Rule 59 motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment. In his new-trial motion Byrd alleged, among other things, that the verdict was against the great weight of the evidence. On June 23, 1998, the trial court conducted a hearing, pursuant to Ala. Code 1975, § 6-11-23(b), on the issue of excessiveness of the punitive-damages award. Section 6-11-23(b) provides in pertinent part that "[i]n all cases wherein a verdict for punitive damages is awarded, the trial court shall, uponmotion of any party, either conduct hearings or receive additional evidence, or both, concerning the amount of punitive damages." (Emphasis added.) Approximately seven months later, on January 25, 1999, the trial court entered an order purporting to deny each of Byrd's postjudgment motions. Byrd filed his notice of appeal on March 3, 1999.
Rule 59.1, Ala.R.Civ.P., provides in part:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure of the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Relying on Rule 59.1, Petelinski contends that at the end of the 90th day after Byrd had filed his postjudgment motions those motions were denied by operation of law and that after that date the trial court had no jurisdiction over the case. (The 90th day from the filing of the motions would have been August 12, 1998.) Petelinski argues that Byrd had to file his notice of appeal within 42 days of August 12, 1998, and that Byrd's appeal, filed on March 3, 1999, was untimely.
Byrd contends that Rule 59.1 had no application. He argues that because the trial court sua sponte announced that it would hold a hearing to determine whether the punitive-damages award was excessive, the "motion" mentioned in § 6-11-23(b) was unnecessary. (The motion referred to in that Code section is a postjudgment motion pursuant to Rule 59, and a Rule 59 motion is one of the motions referred to in Rule 59.1.) According to Byrd, there was no final judgment until January 25, 1999, when the trial court entered its order independently reassessing the punitive-damages award pursuant to § 6-11-23(b).
We conclude that Byrd's appeal was untimely. The trial court entered a final judgment for Petelinski on April 15, *Page 402 
1998. See Rule 54(a), Ala.R.Civ.P. The trial court was under no statutory obligation to conduct a hearing pursuant to Hammond
and Green Oil on the issue of excessiveness of the punitive-damages award until Byrd had raised that issue by a proper motion. Section6-11-23(b) does nothing more than require the trial court, "upon motion of any party," to conduct a hearing or receive additional evidence concerning a jury verdict awarding punitive damages. In the absence of such a motion, the trial court is not required to conduct such a hearing or to receive additional evidence. See King Motor Co. v. Wilson, 612 So.2d 1153 (Ala. 1992). The record indicates that the trial court was concerned that, standing alone, its act of raising the excessiveness issue on its own, instead of waiting for Byrd to raise it in the usual manner in a Rule 59 motion for a new trial, see Feazell v. Campbell,358 So.2d 1017 (Ala. 1978); Fallaw v. Flowers, 274 Ala. 151,146 So.2d 306 (1962), would not suspend the running of the time within which to file an appeal. See Rule 4(a)(3), Ala.R.App.P., which states that "[t]he filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure . . . shall suspend the running of the time for filing a notice of appeal." We are cited no authority (and we have found none) to support Byrd's contention that the trial court's sua sponte decision to conduct a hearing pursuant to § 6-11-23(b) suspended the running of the time for Byrd to file an appeal. See Schiffman v. City ofIrondale, 669 So.2d 136, 138 (Ala. 1995) ("The running of the 42-day period [within which an appeal must be filed] can be tolled only by the timely filing of a post-judgment motion pursuant to Rule 50, 52, 55, or 59, Ala.R.Civ.P.").
In any event, the record indicates that Byrd's attorney heeded the trial court's admonition to file a Rule 59 motion challenging the amount of the verdict. The January 25, 1999, order clearly indicates that the trial court considered the excessiveness issue to have been presented in Byrd's Rule 59 motion. That order reads in part as follows:
 "This cause is submitted on the defendant's motion for judgment notwithstanding the verdict [Rule 50(b) motion for a judgment as a matter of law], motion for new trial, and motion to alter, amend, or vacate and following a hearing thereon and a Hammond/Green Oil hearing.
 "[The trial court goes on to conclude that the punitive-damages award was not excessive.]
 "It is therefore, ordered, adjudged, and decreed that the defendant's motion for judgment notwithstanding the verdict, motion for new trial, and motion to alter, amend, or vacate are denied."
If a trial court does not rule on a postjudgment motion within 90 days, it loses jurisdiction to rule on the motion, unless the time for ruling on the motion has been extended by the express consent of all the parties or by the appellate court to which an appeal of the judgment would lie. Any extension of the 90-day period must be of record before the 90-day period expires.Ex parte Caterpillar, Inc., 708 So.2d 142 (Ala. 1997). The record in this present case does not indicate that the parties consented to an extension of time for the trial court to rule on Byrd's postjudgment motions, and this Court did not grant such an extension of time.
Therefore, the trial court lost jurisdiction to rule on Byrd's postjudgment motions at the end of the 90th day after those motions were filed. Byrd had 42 days from the date of the denial of his motions by operation of law, i.e., 42 days from August 12, 1998, to file his notice of appeal. Rule 4(a)(1) and (3), Ala.R.App.P. Because Byrd did not file his notice of appeal until March 3, 1999, this Court's appellate jurisdiction was not invoked and this appeal is due to be dismissed. See Rule 2(a)(1) and Rule 3(a)(1), Ala.R.App.P.; Schiffman v. City of Irondale, supra at 138 ("The time *Page 403 
for filing a notice of appeal is jurisdictional.")
APPEAL DISMISSED.
MADDOX, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.