Weston Lee Smith ("the former husband") appeals from a judgment of the Shelby Circuit Court in modification proceedings directed to that court's earlier judgment divorcing him from Dee Culverhouse Smith ("the former wife"). The former wife cross-appeals from an order of the trial court purporting to grant relief under Rule 77(d), Ala. R. Civ. P. We dismiss the appeals.
The parties were originally divorced in 2000. In 2003, the parties sought modification of certain provisions of the divorce judgment involving child custody and child-support payments. After an ore tenus proceeding, the trial court entered a judgment on May 18, 2004, modifying child support but otherwise leaving the divorce judgment in effect. The former husband and the former wife timely filed separate postjudgment motions pursuant to Rule 59(e), Ala. R. Civ. P. On July 20, 2004, after a hearing, the trial court rendered an order amending the May 18, 2004, judgment in certain respects. That postjudgment order was stamped "Received and Filed" in the circuit clerk's office on July 26, 2004; thus, the order was "entered" on that date. See Rule 58(c), Ala. R. Civ. P. ("the filing of a separate judgment or order constitutes the entry of the judgment or order"). The case action summary sheet further indicates that copies of that order were sent on July 26, 2004, to the parties' attorneys.
Although subsections (a)(1) and (a)(3) of Rule 4, Ala. R.App. P., taken together, require a notice of appeal to be filed in the trial court within 42 days after the entry of an order ruling on a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., the former husband filed his notice of appeal on September 8, 2004, 44 days after the entry of the July 26, 2004, order.[1] Counsel for the former husband, upon discovery of the late filing, filed a motion to extend the time for filing a notice of appeal. In that motion, counsel for the former husband averred that she had "thought [the postjudgment order] listed the date of entry as July 28, 2004, rather than July 26, 2004" (emphasis added). Attached to the motion was an affidavit executed by the legal assistant of former husband's counsel, who testified that she had entered the date of the order in a computer "calculator" program as July 28, 2004, rather than July 26, 2004, because the stamped date appearing on the copy of the postjudgment order "appear[ed] faded." Counsel for the former husband contended that, under Rule 77(d), Ala. R. Civ. P., the error constituted "excusable neglect based on [her] failure . . . to learn of the entry of the judgment or order" because, she averred, the former husband "did not learn of the actual date of entry of judgment until after the time for filing the Notice of Appeal had expired."
The former wife filed a response in opposition to the former husband's motion. *Page 317 
In her response, the former wife averred that because the former husband had not alleged a failure to learn of the entry of the postjudgment order, but only a miscalculation of the deadline for filing a notice of appeal, Rule 77(d) did not apply. The former wife also posited that had counsel for the former husband had a question concerning the correct date of the entry of the postjudgment order, she could either have verified the actual date of entry by contacting the circuit clerk or by accessing the State Judicial Information System or could have simply filed the notice of appeal earlier. On September 30, 2004, the trial court entered an order on the case action summary sheet granting the former husband's motion to extend the time for filing a notice of appeal; in its order, the trial court indicated that it had determined that the former husband had demonstrated excusable neglect under Rule 77(d). The former wife timely filed a notice of appeal as to that order on October 19, 2004, within 42 days of the entry thereof.[2]
We agree with the former wife that the trial court erred in extending the time for the former husband to file a notice of appeal. "Rule 77(d) does not permit the trial court to extend the time for appeal for any reason other than failure to learn ofentry of the judgment" or order from which an appeal is taken. Deborah A. Smith Rhonda P. Chambers, "The Nuts and Bolts of Civil Appeals," 56 Ala. Lawyer 304, 305 (Sept. 1995) (emphasis added). Here, counsel for the former husband did not fail to learn of the entry of the judgment — instead, her agent miscalculated the final date for filing a notice of appeal based upon her unilateral interpretation of a digit produced by a filing stamp. As our Supreme Court has held, "a litigant's miscalculation of the last day for filing a notice of appeal, no matter how innocent or understandable, is not the kind of neglect excused under Rule 77(d)." Greystone Close v. Fidelity Guar.Ins. Co., 664 So.2d 900, 902 (Ala. 1995).[3]
On the authority of Greystone Close, we conclude that the trial court lacked the power under Rule 77(d), Ala. R. Civ. P., to grant the former husband an extension of time for filing a notice of appeal; we thus dismiss the former husband's appeal as untimely filed. In further accordance with Greystone Close, rather than reversing the trial court's Rule 77(d) order, we dismiss the former wife's appeal as moot "because the relief it sought has been granted." 664 So.2d at 901. The former wife's request for an award of attorney fees on appeal is denied.
APPEALS DISMISSED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] The former wife filed a motion in this court to dismiss the former husband's appeal; however, we denied that motion because it did not address the effect of the trial court's subsequent order granting an extension of time to file a notice of appeal. We note that a denial of a motion to dismiss an appeal does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record. See Sign Plex v. Tholl, 863 So.2d 1113, 1115
(Ala.Civ.App. 2003).
[2] The former wife's cross-appeal does not challenge any other ruling by the trial court.
[3] Although not necessary to our jurisdictional analysis, we note, in response to the suggestion in the former husband's reply brief that it might be unreasonable to expect parties to obtain telephone confirmation from circuit clerks of the date of the entry of all judgments or orders, that prudence would counsel either obtaining such confirmation in cases where a date on the order "appears faded" or, in the alternative, calculation of the final day for filing a notice of appeal based upon the earlier
of two alternative dates suggested by a faded filing stamp. *Page 318