THOMAS, Judge.
 

 Kenneth Scott appeals from the dismissal of his complaint against Clyde Layton Lenoir and Peggy Sue Lenoir. We dismiss the appeal as untimely filed.
 

 Scott sued the Lenoirs, alleging wrongful eviction and defamation. The Lenoirs moved to dismiss the action, arguing that Scott lacked standing to assert his claims. The trial court dismissed the case on January 7, 2005. On February 4, 2005, Scott filed a timely postjudgment motion, which the trial court set for a hearing on March 28, 2005. Scott later filed several other motions, including a motion requesting leave to amend his complaint, that the trial court set for hearing on that same date. However, the trial court continued the hearing to April 29, 2005. On May 17,
 
 *1283
 
 2005, the trial court purported to deny Scott’s postjudgment motion and the other pending motions. Scott filed his notice of appeal to the Alabama Supreme Court on June 27, 2005.
 
 [1]
 
 The supreme court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 A postjudgment motion is generally deemed to be denied by operation of law if the trial court fails to rule on the motion within 90 days of its filing.
 
 [2]
 
 Rule 59.1, Ala. R. Civ. P. The trial court loses jurisdiction to consider the motion after the expiration of the 90-day period.
 
 Id.; Byrd v. Petelinski,
 
 757 So.2d 400, 402 (Ala.2000). Scott’s postjudgment motion, which was filed on February 4, 2005, was deemed denied by operation of law on May 5, 2005. Rule 4(a)(1) and Rule 4(a)(3), Ala. R.App. P., require that a notice of appeal be filed within 42 days of the denial of a post-judgment motion. Scott’s notice of appeal was filed on June 27, 2005, more than 42 days after the denial of his postjudgment motion by operation of law on May 5, 2005, and his appeal is therefore untimely. Because the failure to file a timely notice of appeal is a jurisdictional defect, we dismiss this appeal.
 
 Byrd,
 
 757 So.2d at 402-03;
 
 Schiffman v. City of Irondale,
 
 669 So.2d 136, 138 (Ala.1995) (“The time for filing a notice of appeal is jurisdictional.”).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . In August 2005, the appeal was stayed pending the outcome of bankruptcy proceedings. The appeal proceeded after the stay was lifted in November 2007.
 

 [2]
 

 . Although neither exception applies to the present case, we note that, to avoid the application of the 90-day rule, the parties may expressly agree on the record to extend the 90-day period or they may seek an extension from the appellate court to which the appeal in the case would lie. Rule 59.1.