PITTMAN, Judge.
Beatrice Rose O’Hare (“the mother”) appeals from a default judgment of the Madison Circuit Court (“the trial court”) granting Scott O’Hare (“the father”) a modification of the parties’ divorce judgment, which had been entered in Colorado, to the extent the default judgment awarded the father legal and physical custody of the parties’ minor child (“the child”). We dismiss the mother’s appeal for lack of jurisdiction.
On July 14, 2011, the father filed in the trial court a request for registration of a foreign child-custody order; attached to that request was a certified copy of a divorce judgment that had been entered by the El Paso District Court in Colorado, a separation agreement that had been entered into by the parties that was attached as an exhibit to the divorce judgment, and a support order that reiterated the child-support awards established in the separation agreement. Also on July 14, 2011, the father filed a petition for modification of custody and child support, alleging, among other things, that the mother had sent the child to live with the father, that the mother could not provide a stable home for the child, that the mother had been arrested for assault and was in danger of serving a sentence of incarceration for that incident, and that the child had routinely been left at home alone when he was in the mother’s custody. Attached to the father’s modification petition was another copy of the El Paso District Court’s divorce judgment and other orders.
On September 29, 2011, the father filed a motion for service by publication; the father’s motion for service by publication was granted, and the notice was published in a newspaper of general circulation in El Paso County, Colorado. Following service by publication on the mother, the father filed an application for a default judgment, supported by his affidavit. On January 6, 2012, the trial court entered a default judgment in favor of the father, granting the father’s request to register the Colorado court’s judgment, awarding the father sole legal and physical custody of the child, terminating the father’s obligation to pay child support to the mother, ordering the mother to pay child support to the father, ordering the mother to pay the father a retroactive child-support arrearage that had accrued since the filing of the father’s petition, and awarding the father attorney fees and costs.
On January 26, 2012, the mother filed a motion to set aside the default judgment and a motion to dismiss. The mother argued that the father’s affidavit in support of his motion for service by publication was insufficient and that the trial court lacked personal jurisdiction over her and, thus, that the action should be dismissed. After a hearing, the trial court denied the mother’s motions on March 23, 2012. The *299 mother filed a postjudgment motion on April 20, 2012; the trial court purported to deny that motion on May 24, 2012. The mother filed her notice of appeal to this court on July 5, 2012.
Upon request by this court, the mother and the father filed “letter briefs” regarding the timeliness of the mother’s appeal. This court allowed the appeal to proceed as an appeal from the denial of a Rule 60(b), Ala. R. Civ. P., motion. In R.P.M. v. P.D.A., 112 So.3d 49, 50 (Ala.Civ.App.2012), this court stated, in pertinent part:
“Although the appeal was allowed to proceed, such permission ‘does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record.’ Smith v. Smith, 919 So.2d 315, 316 n. 1 (Ala.Civ.App.2005); see also Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (noting this court’s policy of taking notice of jurisdictional matters at any time, even ex mero motu).”
“The timely fifing of a notice of appeal is a jurisdictional act.” R.J.G. v. S.S.W., 42 So.3d 747, 751 (Ala.Civ.App.2009). On January 26, 2012, the mother filed a motion to set aside the default judgment; we construe that motion as a motion filed pursuant to Rule 55(c), Ala. R. Civ. P., which allows a party to file a motion to set aside a default judgment within 30 days after the entry of the judgment. Following the denial of that motion, the mother filed a motion styled as a Rule 59(e), Ala. R. Civ. P., motion. Because this court determined, based on the letter briefs submitted by the parties, that that motion was properly considered a Rule 60(b) motion, however, we consider it as such on appeal.
The mother argues in her letter brief that her second postjudgment motion would have been more properly styled a Rule 60(b)(4), Ala. R. Civ. P., motion because, she says, she contended in the motion that the trial court’s order was void for lack of jurisdiction. The mother’s Rule 60(b) motion, however, sought the same relief as that requested in the original Rule 55(c) motion, in which the mother also argued a lack of personal jurisdiction. “Generally, this court reviews the denial of a Rule 55(e)[, Ala. R. Civ. P.,] motion to determine whether the trial court abused its discretion in denying the motion.” Austin v. Austin, [Ms. 2120102, March 8, 2013] — So.3d -, - (Ala.Civ.App.2013). “[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion.” Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985). See also N.F.N. v. J.M.M.J., 999 So.2d 521, 523 (Ala.Civ.App.2008). Because the same relief was requested by the mother in her Rule 55(c) motion and in her Rule 60(b) motion, the latter motion constitutes an attempt to use a Rule 60(b) motion as a substitute for an appeal, which this court will not allow. Ex parte Haynes, 58 So.3d 761, 765 (Ala.2010) (“Because there existed nothing in the motion to distinguish the Rule 55(c) [, Ala. R. Civ. P.,] motion from the purported Rule 60(b)[, Ala. R. Civ. P.,] motion, any Rule 60(b) aspect to the motion would simply constitute a motion to ‘reconsider’ the Rule 55(c) motion.”). Because the trial court was -without jurisdiction to reconsider its ruling on the mother’s postjudgment motion filed pursuant to Rule 55(c), see Williams v. Williams, 70 So.3d 332, 334 (Ala.Civ.App.2009), the mother’s second postjudgment motion is a nullity and the trial court’s purported denial of that motion is void. N.F.N. v. J.M.M.J., 999 So.2d at 523. Because the mother’s notice of appeal was filed more than 42 days after the trial court’s denial of her Rule 55(c) postjudgment motion, see *300 Rule 4, Ala. R.App. P. (requiring the notice of appeal to be filed within 42 days of the date of the entry of the judgment or order appealed from), that notice of appeal was untimely and did not invoke this court’s jurisdiction. Kennedy v. Merriman, 963 So.2d 86, 88 (Ala.Civ.App.2007). We, therefore, dismiss the mother’s appeal. Id.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.