PITTMAN, Judge.
Andy J. Thurmond III appeals from a summary judgment in favor of Robert R. Parrish entered by the Shelby Circuit Court (“the trial court”). Because the trial court lacked jurisdiction to enter that summary judgment, it is void, and, because a void judgment will not support an appeal, we dismiss Thurmond’s appeal with instructions.
In September 2011, Parrish sued Quality Time Powersports, Inc. (“Quality Time”), and Thurmond, stating a breach-of-contact claim against each of them. Quality Time and Thurmond were served with process. Subsequently, when Quality Time and Thurmond failed to answer the complaint or otherwise defend the action, Parrish sought an entry of default and a default judgment against them. The clerk of the trial court made an entry of default against *359 Quality Time and Thurmond on April 2, 2012, and the trial court entered a default judgment against them on April 24, 2012.
On May 24, 2012, the 30th day after the entry of the default judgment, Thurmond, acting pro se, filed a letter asking the trial court to set aside the default judgment because, he said, he and Quality Time had not been represented by an attorney when they failed to file an answer or otherwise defend the action, “[he had been] under the impression that there would be a call for summary judgment at which time [he] would be able to state the issues that [he] ha[d] with [Parrish’s claims against him and Quality Time],” and he would like the opportunity to state those issues. The letter then recited why Thurmond believed that he and Quality Time were not liable to Parrish.
On August 16, 2012, the 84th day after Thurmond had filed his May 24, 2012, letter, the trial court entered an order stating that it would treat that letter as a motion to set aside the default judgment against Thurmond. However, that order further stated that, insofar as that letter asked the trial court to set aside the default judgment against Quality Time, it was not properly before the trial court because a corporation such as Quality Time could be represented only by a licensed attorney. On September 21, 2012, an attorney, acting on behalf of Thurmond, filed a “Supplement to Defendant Thurmond’s Motion to Set Aside Default Judgment” (“the September 21, 2012, supplement”). The September 21, 2012, supplement asserted (1) that Rule 55(c), Ala. R. Civ. P., provided that the trial court could set aside a default judgment on the motion of a party filed not later than 30 days after the entry of the default judgment; (2) that Thurmond had meritorious defenses to Parrish’s claim against him; (3) that Parrish would not be unfairly prejudiced if the default judgment against Thurmond were set aside; and (4) that Thurmond’s failure to file an answer or otherwise defend the action was not culpable because, the September 21, 2012, supplement stated, Thurmond erroneously expected to be given notice of a hearing before a judgment was entered against him.
On November 16, 2012, more than 90 days after the filing of Thurmond’s May 24, 2012, letter, the trial court entered an order purporting to set aside the default judgment against Thurmond. Thereafter, Thurmond and Parrish each filed motions for a summary judgment. On March 6, 2013, the trial court entered an order purporting to deny Thurmond’s summary-judgment motion, and, on April 16, 2013, the trial court entered a purported summary judgment in favor of Parrish. On May 22, 2013, Thurmond appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Although neither party has raised the issue whether this court has jurisdiction over the appeal, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Stone v. Haley, 812 So.2d 1245, 1245-46 (Ala.Civ.App.2001) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)). Rule 55(c) provides that a trial court may set aside a default judgment on the motion of a party filed not later than 30 days after the entry of the default judgment. Because Thurmond filed his May 24, 2012, letter asking the trial court to set aside the default judgment not later that 30 days after the entry of the default judgment, we treat that letter as a Rule 55(c) motion. See, e.g., O’Hare v. O’Hare, 129 So.3d 297, 299 (Ala.Civ.App.2013) (treating a motion to set aside a default judgment that was filed not later than 30 days after the entry *360 of the default judgment as a Rule 55(c) motion). Under Rule 59.1, Ala. R. Civ. P., a Rule 55(c) motion that is not otherwise ruled upon is deemed denied by operation of law on the 90th day after it was filed unless the 90-day period is extended by “the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie.” See Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1204 (Ala.2009) (“[A] postjudgment motion not otherwise ruled upon is denied as a matter of law on the 90th day after the motion is filed_”). The record neither indicates that the parties consented to an extension of the 90-day period for the trial court to rule on Thurmond’s Rule 55(c) motion nor indicates that an appellate court extended that 90-day period. Moreover, even if the September 21, 2012, supplement is deemed to be an amendment of Thurmond’s Rule 55(c) motion, it did not extend the 90-day period for the trial court to rule on Thurmond’s Rule 55(c) motion because the September 21, 2012, supplement was not filed within 30 days after the entry of the default judgment. See Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006) (“[I]f a subsequent filing is deemed to be an amendment to a previous postjudgment motion, that amendment will trigger a new 90-day jurisdictional period only if the amendment is filed within 30 days after the original judgment, i.e., within the time for filing an ‘original’ postjudgment motion.” (emphasis omitted; emphasis added)). Therefore, because the trial court did not expressly rule on Thurmond’s Rule 55(c) motion on or before August 22, 2012, the 90th day after it was filed, that motion was denied by operation of law on that date, which denial terminated the trial court’s jurisdiction. See, e.g., Scott v. Lenoir, 5 So.3d 1282, 1283 (Ala.Civ.App.2008) (“The trial court loses jurisdiction to consider [a postjudgment] motion after the expiration of the 90-day period.”).[1]
Because its jurisdiction terminated on August 22, 2012, the trial court lacked jurisdiction to enter the November 16, 2012, order purporting to set aside the default judgment against Thurmond; the March 16, 2013, order purporting to deny Thurmond’s summary-judgment motion; and the April 16, 2013, order purporting to enter a summary judgment in favor of Parrish. See Sibley v. Sibley, 90 So.3d 191, 193 (Ala.Civ.App.2012) (holding that an order purporting to amend a judgment was void because it was entered after the trial court had lost jurisdiction to rule on the parties’ postjudgment motions). A *361 judgment entered by a trial court lacking jurisdiction is void, and a void judgment will not support an appeal. See Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss Thurmond’s appeal with instructions for the trial court to vacate all the orders it entered in this action after August 22, 2012.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, • MOORE, and DONALDSON, JJ., concur.

. Even if we ignored the reference to Rule 55(c) in the September 21, 2012, supplement and treated that supplement as a Rule 60(b), Ala. R. Civ. P., motion seeking relief from the default judgment, it could not have conferred jurisdiction on the trial court because, although the allegation that Thurmond erroneously expected to be given notice of a hearing before a judgment was entered against him could be treated as an allegation of "mistake” pursuant to Rule 60(b)(1), Ala. R. Civ. P., (1) the September 21, 2012, supplement contains no allegations that could be treated as alleging grounds specified in Rules 60(b)(2), (3), (4), or (5), Ala. R. Civ. P.; (2) it contains no allegations of aggravating circumstances that would justify its being treated as a Rule 60(b)(6), Ala. R. Civ. P., motion, see Noll v. Noll, 47 So.3d 275, 278-79 (Ala.Civ.App.2010) (holding that a motion that alleged Rule 60(b)(1) grounds could not be treated as a Rule 60(b)(6) motion in the absence of allegations of aggravating circumstances); (3) it was untimely because it was not filed within four months after the entry of the default judgment, see Rule 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment ... was entered. ..."); and (4) an untimely Rule 60(b) motion will not confer jurisdiction on a trial court, see Noll, 47 So.3d at 279 ("A trial court lacks jurisdiction to consider an untimely Rule 60(b) motion.”).