Rel: February 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0564

_____

**Dana M. Grant, John J. Wilcock, and JD Rental LLC**

**v.**

**Terrance Cooper**

**Appeal from Jefferson Circuit Court**
**(CV-23-900485)**

LEWIS, Judge.

Dana M. Grant, John J. Wilcock, and JD Rental LLC ("JD Rental") appeal from a judgment entered by the Jefferson Circuit Court ("the trial court") granting a motion for a judgment on the pleadings filed by Terrance Cooper.

## Procedural History

On February 8, 2023, Cooper filed a complaint against Grant, Wilcock, and JD Rental, alleging in pertinent part:

"12. [Cooper] inherited [a property located in Jefferson County ("the property")] upon his father's death pursuant to Ala. Code [1975,] Section 43-2-830(a).

"....

"15. The State of Alabama purchased the property for [unpaid] taxes on the 21st day of March[] 2016.

"16. The State of Alabama then sold the property to Nolan Sanburn, by way of tax deed ….

"17. Nolan Sanburn, by way of quit claim deed, sold the property to [Grant and Wilcock.]

"18. [Cooper] has retained possession of the property and lived in the property exclusively.

"19. [Grant, Wilcock, and JD Rental] have not filed any action for ejectment or any action to quiet title."

(Capitalization omitted.) Cooper requested that the trial court quiet title to the property in his favor and declare that Grant, Wilcock, and JD Rental "forfeited their interest in the property"; that any claim that they had was barred; that Cooper has fee-simple title to the property; and that Cooper is not required to redeem the property or pay any money to Grant, Wilcock, or JD Rental.

Cooper filed an affidavit of substantial hardship with his complaint. On March 15, 2023, the trial court entered an order stating that Cooper is not indigent and that his request for a waiver of the prepayment of the docket fee was denied. The trial court further stated that it "reserve[d] the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court." On December 1, 2023, Grant, Wilcock, and JD Rental filed a motion to dismiss the complaint because of Cooper's failure to pay the docket fee. Thereafter, the trial court entered an order finding that Cooper was indigent and waiving the prepayment of the docket fee. The trial court also entered an order denying the motion to dismiss.

On January 10, 2024, Grant, Wilcock, and JD Rental filed an answer and a counterclaim stating that Cooper had leased the property from them by virtue of a lease agreement signed on August 2, 2020 ("the lease agreement") but that Cooper had breached the lease agreement.

On April 12, 2024, Cooper filed a motion for a judgment on the pleadings and a brief in support thereof. Cooper argued that "the title to the property … reverted back to [Cooper] on the 24th day of July[] 2022[,] because any interest[] or right of possession[] in the property that [Grant,

Wilcock, and JD Rental] may have claimed is barred by Ala. Code[ 1975,] [§] 40-10-82[] and <u>Rioprop Holdings, LLC v. Compass Bank</u>[, 256 So. 3d 674 (Ala. Civ. App. 2018)]."  On April 12, 2024, Cooper filed a reply to the counterclaim.  Grant, Wilcock, and JD Rental filed a response to Cooper's motion for a judgment on the pleadings on April 22, 2024.

After a hearing, the trial court entered a judgment on May 22, 2024, granting Cooper's motion for a judgment on the pleadings.  Grant, Wilcock, and JD Rental filed a postjudgment motion on June 18, 2024.  That motion was denied on July 2, 2024.  Grant, Wilcock, and JD Rental filed their notice of appeal on July 30, 2024.

Discussion

Section 12-19-70(b), Ala. Code 1975, provides:

"The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship pursuant to the income guidelines provided in paragraphs a. and b. of subdivision (4) of Section 15-12-1[, Ala. Code 1975]. A verified statement of substantial hardship, signed by the party claiming hardship, shall be filed with the clerk of court. The accompanying pleading shall be considered filed on the date that the verified statement of substantial hardship is filed with the court. <u>If, within 90 days of the filing, the court makes a written finding that the party claiming hardship has the resources to pay the docket fee without substantial hardship, the party shall have 30 days from the date of the written finding of the court to submit payment of the docket</u>

4

> fee or the case shall be dismissed for lack of jurisdiction. Until such time as the plaintiff pays the docket fee, the court shall stay the proceedings and the summons or other process for service shall not issue."

(Emphasis added.)

Here, the trial court entered an order on March 15, 2023, finding that Cooper was not indigent and denying his request for a waiver of the prepayment of the docket fee. There is no indication that Cooper submitted payment of the docket fee within 30 days from the date of that order. Indeed, almost nine months later, on December 1, 2023, Grant, Wilcock, and JD Rental filed a motion to dismiss the complaint because of Cooper's failure to pay the docket fee. Thereafter, the trial court entered an order finding that Cooper was indigent and waiving the prepayment of the docket fee.

We note, however, that, pursuant to § 12-19-70(b), 30 days after March 15, 2023, the trial court lost jurisdiction over the matter because Cooper did not pay the docket fee. Therefore, all orders entered by the trial court after the end of that 30-day period, including the final judgment from which the appeal was taken, are void. See Thurmond v. Parrish, 152 So. 3d 358, 360-61 (Ala. Civ. App. 2014). Because a void

5

judgment will not support an appeal, this appeal is dismissed, albeit with instructions to the trial court to set aside its void judgment.  See id.

APPEAL DISMISSED WITH INSTRUCTIONS.

Hanson and Fridy, JJ., concur.

Moore, P.J., concurs specially, with opinion, which Edwards, J., joins.

MOORE, Presiding Judge, concurring specially.

On appeal, no party has raised an issue regarding the subject-matter jurisdiction of the Jefferson Circuit Court ("the circuit court") to enter the judgment on the pleadings in the underlying action, but this court must take notice of a lack of subject-matter jurisdiction ex mero motu. See Kyle v. Kyle, 128 So. 3d 766, 772 (Ala. Civ. App. 2013). "[T]he payment of a [docket] fee or the preapproval of the hardship statement is a jurisdictional prerequisite to the commencement of [a plaintiff's] action." Ex parte Courtyard Citiflats, LLC, 191 So. 3d 787, 790 (Ala. 2015). See also Ala. Code 1975, § 12-19-70.

In the underlying action, Terrance Cooper did not pay a docket fee, and he had not obtained approval of his substantial-hardship statement at the time he filed his complaint in the circuit court. Cooper did submit an affidavit of substantial hardship with his complaint, but, on March 15, 2023, the circuit court determined that Cooper was not indigent and that he could pay the docket fee. Section 12-19-70(b) provides, in pertinent part:

> "If, within 90 days of the filing, the court makes a written finding that the party claiming hardship has the resources to pay the docket fee without substantial hardship, the party shall have 30 days from the date of the written finding of the

7

court to submit payment of the docket fee or the case shall be dismissed for lack of jurisdiction."

Although I have not located any cases construing that part of § 12-19-70(b), I find the language to be clear on its face, so

"there is no room for judicial construction. When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning -- they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature."

Ex parte T.B., 698 So. 2d 127, 130 (Ala. 1997). According to the plain language of § 12-19-70(b), Cooper had until April 14, 2023, to pay the docket fee or the circuit court was required to dismiss the case for lack of jurisdiction. See Hornsby v. Sessions, 703 So. 2d 932, 939 (Ala. 1997) ("The word 'shall' is considered presumptively mandatory unless something in the character of the provision being construed requires that it be considered differently."). The legislature obviously recognized that a trial court cannot acquire jurisdiction over a case without the timely payment of a docket fee, so, in that circumstance, dismissal is mandatory. See Ex parte Blankenship, 893 So. 2d 303, 306 (Ala. 2004) (holding that a court lacking subject-matter jurisdiction must dismiss the case).

8

As the main opinion notes, the circuit court did not dismiss the case as mandated by § 12-19-70(b). Instead, on December 1, 2023, Dana M. Grant, John J. Wilcock, and JD Rental LLC filed a motion to dismiss the case, citing § 12-19-70. Cooper responded to the motion by seeking a reconsideration of his request for a waiver of the docket fee and submitting a new affidavit of substantial hardship, which the circuit court purported to approve on December 15, 2023. The circuit court subsequently entered an order denying the motion to dismiss, and, ultimately, entered a judgment on the pleadings in favor of Cooper. However, the circuit court lacked jurisdiction to take those actions.

Section 12-19-70 does not allow a trial court to cure a fatal jurisdictional defect arising from the nonpayment of a docket fee. See Ex parte Courtyard Citiflats, LLC, 191 So. 3d at 792 (explaining that a trial court lacked the power to enter, nunc pro tunc, an order approving substantial-hardship statement retroactive to date of filing of complaint). Once the 30-day period set forth in § 12-19-70(b) has expired, a trial court cannot assert jurisdiction over the case. Any order or judgment entered thereafter, other than a judgment of dismissal, is void. See id. Hence, the December 15, 2023, order purporting to approve Cooper's affidavit of

substantial hardship, the order denying the motion to dismiss, and the judgment on the pleadings were ineffective legal nullities. Grant, Wilcock, and JD Rental have appealed from a void judgment. Because the judgment on the pleadings is void, I agree that this appeal is due to be dismissed. See Carpenter v. State, 782 So. 2d 848, 850 (Ala. Crim. App. 2000) (dismissing the appeal as from a void judgment when trial court had purported to rule on affidavit of substantial hardship at the conclusion of the underlying proceeding).

Edwards, J., concurs.